OPINION OF THE COURT
 

 Ciparick, J.
 

 The issue presented on this appeal is whether plaintiff was entitled to summary judgment on her Labor Law § 240 (1) cause of action based upon the absence of any "bracing” on the fire wall that collapsed at the construction site where her husband was working. We conclude that the collapse of the fire wall is the type of "ordinary and usual” peril a worker is commonly exposed to at a construction site and not an elevation-related risk subject to the safeguards prescribed by Labor Law § 240 (1).
 

 According to the complaint, plaintiff’s decedent was a mason employed by third-party defendant B.A. Masons, Inc. (Masons), the subcontractor hired by defendant and third-party plaintiff, Mark IV Construction Co., Inc. (Mark IV), to perform masonry work for certain townhouses being constructed in Monroe County. On February 22, 1988, the decedent was severely injured when a completed, concrete-block fire wall collapsed. It is alleged that this incident was the sole cause of the decedent’s demise two years later on May 28, 1990. Plaintiff, as administratrix of her husband’s estate, commenced this action against Mark IV alleging, among other things, that her husband’s injuries and damages were occasioned by defen
 
 *490
 
 dant’s failure to comply with its nondelegable duty under Labor Law § 240 (1) to furnish or erect "reasonably safe scaffolding, braces, and other devices * * * so constructed, placed and operated as to give proper protection to [decedent] in the course of his employment.” Plaintiff thereafter moved for partial summary judgment on the Labor Law § 240 (1) cause of action. Mark IV cross-moved,
 
 inter alla,
 
 for summary judgment dismissing plaintiff’s cause of action alleging a violation of Labor Law § 240 (1).
 

 As relevant, Supreme Court granted plaintiffs motion for partial summary judgment on the Labor Law § 240 (1) cause of action and accordingly denied Mark IV’s cross motion for summary judgment. The Appellate Division modified, with two Justices dissenting, to the extent of granting defendant summary judgment on the Labor Law § 240 (1) cause of action and, as so modified, affirmed. Plaintiff appeals as of right pursuant to CPLR 5601 (d). By stipulation, the parties discontinued all causes of action in the complaint except for the one brought under Labor Law § 240 (1).
 

 The import of Labor Law § 240 (1) is undeniably salutary, requiring owners and contractors to provide proper protection to workers employed on a construction site
 
 (see, Rocovich v Consolidated Edison Co.,
 
 78 NY2d 509, 513;
 
 Zimmer v Chemung County Performing Arts,
 
 65 NY2d 513, 520-521,
 
 rearg denied
 
 65 NY2d 1054;
 
 Haimes v New York Tel. Co.,
 
 46 NY2d 132, 135). However, not every hazard or danger encountered in a construction zone falls within the scope of Labor Law § 240 (1) as to render the owner or contractor liable for an injured worker’s damages
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d 494, 501). We have expressly held that "Labor Law § 240 (1) was aimed only at elevation-related hazards and that, accordingly, injuries resulting from other types of hazards are not compensable under that statute even if proximately caused by the absence of * * * [a] required safety device”
 
 (id.,
 
 at 500;
 
 see also, Rodriguez v Tietz Ctr. for Nursing Care,
 
 84 NY2d 841, 843-844 [Labor Law §240 (1) inapplicable where worker struck in the knee by 120-pound steel beam he was hoisting into place];
 
 Smith v New York State Elec. & Gas Corp.,
 
 82 NY2d 781, 783 [worker injured by 200-pound tension ball propelled against him after its cable snapped does not have a Labor Law § 240 (1) claim];
 
 Groves v Land’s End Hous. Co.,
 
 80 NY2d 978, 980 [Labor Law § 240 (1) not available to worker injured by forklift that tipped over]).
 

 Section 240, known as the "Scaffold Law,” has historically
 
 *491
 
 been construed in the context of workers injured as a result of inadequate or missing safety equipment at elevated work sites
 
 (see, Bland v Manocherian,
 
 66 NY2d 452, 457-459;
 
 Haimes v New York Tel. Co.,
 
 46 NY2d, at 134-137,
 
 supra; Sarnoff v Charles Schad, Inc.,
 
 22 NY2d 180, 183-185;
 
 DeHaen v Rockwood Sprinkler Co.,
 
 258 NY 350, 354). It is in recognition of the exceptionally dangerous conditions posed by elevation differentials at work sites that section 240 (1) prescribes safety precautions for workers laboring under unique gravity-related hazards
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d, at 501,
 
 supra).
 
 Indeed, the type of protective devices enumerated by section 240 (1) predominantly concern those used on elevated work sites "either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured”
 
 (Rocovich v Consolidated Edison Co.,
 
 78 NY2d, at 514,
 
 supra; see also,
 
 Labor Law § 240 [1] [listing "scaffolding,” "hoists,” "stays,” "ladders,” "slings,” "hangers,” "pulleys,” "braces” and "ropes” to name a few of the devices];
 
 cf.,
 
 Labor Law § 241 [6]). In this context, we construe the "braces” referred to in section 240 (1) to mean those used to support elevated work sites not braces designed to shore up or lend support to a completed structure.
 

 It is uncontroverted that prior to the wall’s collapse, the decedent and his co-worker had just dismantled the scaffolding used to erect the completed fire wall and were sweeping the flooring in the area. Masons had not yet vertically braced the wall with the 2 feet by 10 feet wooden planks it had on the work site. There is no showing that the decedent was working at an elevated level at the time of his tragic accident. Nor can it be said that the collapse of a completed fire wall is the type of elevation-related accident that section 240(1) is intended to guard against
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d, at 501,
 
 supra; see also, Rocovich v Consolidated Edison Co,
 
 78 NY2d, at 514,
 
 supra).
 
 Rather, the accident that resulted in decedent’s grave injuries is the type of peril a construction worker usually encounters on the job site.
 

 Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.
 

 
 *492
 
 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.