■ ROBERT HAGGERTY, Appellant, v VANBRO CORP., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. HARBORVIEW CONCRETE et al., Third-Party Defendants. [645 NYS2d 96] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Richmond County

(Amann, J.), dated July 3, 1995, as, upon the granting of those branches of the motion of the defendant Vanbro Corp. pursuant to CPLR 4401 made at the close of the plaintiff's case which were to dismiss the causes of action to recover damages for common-law negligence and pursuant to Labor Law §§ 200 and 240 (1), as a matter of law, dismissed those causes of action of the complaint insofar as asserted against the defendant Vanbro Corp.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff's cause of action pursuant to Labor Law § 240 (1) was properly dismissed since the plaintiff's accident did not involve the type of elevation-related risk contemplated by the statute (*see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Rodriquez v Teitz Ctr. for Nursing Care,* 84 NY2d 841; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509). Further, there was no evidence that the defendant Vanbro Corp. had the authority to direct or control the work such that it could be deemed to have been an agent of the owner or the general contractor within the meaning of the statute (*see, Russin v Picciano & Son,* 54 NY2d 311, 318).

The court correctly concluded that the plaintiff failed to establish a violation of Labor Law § 200 and failed to establish a prima facie case of common-law negligence.

The plaintiff's remaining contention is without merit. Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.