CARL REALE, Respondent, v H. B. S. A. INDUSTRIES, INCORPORATED, Appellant and Third-Party Plaintiff-Respondent. V & N CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant. [649 NYS2d 564] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action. On the date of the accident, plaintiff, an employee of third-party defendant, was spreading and tamping down fill on the ground inside a horseshoe-shaped cement block wall. While on his way to lunch, plaintiff stepped up approximately 12 to 18 inches from the ground to a plank on top of the concrete block wall. The

plank slipped out from under him, and plaintiff fell to the ground outside the wall, sustaining injuries to his knee. Plaintiff testified that he fell approximately $3^1/_2$ to 4 feet. Other employees testified that plaintiff fell approximately 12 to 18 inches. Factual questions are thus presented whether plaintiff's injuries are the result of a fall from an elevated work site (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 489, *rearg denied* 87 NY2d 969) and whether plaintiff was exposed to "an elevation-related risk which called for any of the protective devices of the types listed in section 240 (1)" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 515).

We have reviewed the remaining contentions and conclude that they are without merit. (Appeals from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.