■ ROSARIO AMATO et al., Respondents, v STATE OF NEW YORK, Appellant. [660 NYS2d 576] —Order, Court of Claims (Christopher Mega, J.), entered July 22, 1996, which, to the extent appealed from, denied defendant's cross-motion for summary judgment seeking dismissal of the plaintiffs' causes of action under Labor Law § 240 (1) and § 241 (6), unanimously reversed, on the law, without costs, defendant's cross-motion for summary judgment granted and the plaintiffs' claims pursuant to Labor Law § 240 (1) and § 241 (6) dismissed.

There is no dispute as to the relevant facts here and the questions raised were ripe for determination on summary judgment. We find that the facts clearly show that plaintiff's injury did not fall within the scope of Labor Law § 240 (1) and § 241 (6).

"[S]ection 240 (1) imposes absolute liability on owners,

contractors and their agents for any breach of the statutory duty [to provide adequate safety devices] which has proximately caused injury * * * The duty imposed is 'nondelegable and * * * an owner is liable for a violation of the section even though the job was performed by an independent contractor over which it exercised no supervision or control' " (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 559, quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513), and has been construed by the Court of Appeals to be applicable only "to such specific gravity-related accidents as [the employee] falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). In evaluating Labor Law § 240 (1) claims, New York courts have closely adhered to the distinction between such elevation-related hazards and "the type of peril a construction worker usually encounters on the job site" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491), dismissing such alleged section 240 (1) claims as in *Misseritti*, where an unsupported, apparently ground-level fire wall collapsed on plaintiff's deceased after he had dismantled the scaffolding used to erect the wall, and in *Corsaro v Mt. Calvary Cemetery* (214 AD2d 950), where a 12 to 20 feet high form used in constructing ground-level, concrete-reinforced columns collapsed on plaintiff, as well as in *Staples v Town of Amherst* (146 AD2d 292), where a 10 to 11 feet deep excavation collapsed on plaintiff while he was attempting to shore up its walls.

Here, as in those cases, plaintiff was working at ground level; the brace that fell and hit him was an integral part of the ground-level structure that he was involved in demolishing. Consequently, the height from which the brace fell is irrelevant. Nor did the brace constitute an improperly operated safety device, since in *Misseritti*, the Court of Appeals construed "the 'braces' referred to in section 240 (1) to mean those used to support elevated work sites not braces designed to shore up or lend support to a completed structure" (*supra*, at 491). Furthermore, plaintiff's injury did not occur as a result of failure to use proper safety devices to remove the brace, pursuant to section 240 (1), since, once again, the brace did not fall from an elevated worksite. Moreover, plaintiff testified that such safety device was only necessary when the braces were wet and heavy, which was not indicated here.

Plaintiff's claim pursuant to Labor Law § 241 (6) must also fail as a matter of law, where he has not alleged a violation by defendants of a rule or regulation of the Commissioner of Labor

that sets forth a specific standard of conduct rather than a mere general restatement of common law principles (*Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 503; *see also, Knudsen v Pentzien*, 209 AD2d 909, 910-911). Of the several provisions cited from 12 NYCRR part 23, only section 23-1.7 (a), which addresses overhead hazards, is specific enough to satisfy section 241 (6). However, there is no evidence to support the section's requirement that the area in which plaintiff was injured was one where workers were "normally exposed to falling objects" (12 NYCRR 23-1.7 [a] [1]). Nor can it be said that overhead work was the primary focus of the worksite. The only two cases applying the section, *Klien v County of Monroe* (219 AD2d 846, *lv denied* 87 NY2d 804) and *Knudsen v Pentzien* (*supra*) are inapposite with respect to plaintiff's contention.

Defendant's contention that plaintiff's claim under Labor Law § 200, a codification of the common law, should be dismissed because defendant did not exercise the requisite degree of supervisory control to incur liability, may not be considered here inasmuch as it is raised for the first time on this appeal (*Frank v City of New York*, 211 AD2d 478, 479; *Batac v Associated Sec. Specialists*, 160 AD2d 649, 650). Thus, since plaintiff was not obliged to set forth his proof on this issue in the motion court, that court's order need not be disturbed insofar as it opined that a trial is needed on plaintiff's common-law negligence claim. Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.