■ Victor Dias, Respondent, v Stanley Stahl, Individually and Doing Business as Stahl Realty Estate Co., et al.,

Respondents, et al., Defendants. STANLEY STAHL, Co., Individually and Doing Business as STAHL REALTY ESTATE et al., Third-Party Plaintiffs-Respondents, v AVANTI DEMOLITION & CARTING CORP., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) CAULDWELL-WINGATE CO., INC., Third Third-Party Plaintiff-Respondent, et al., Third Third-Party Defendant. [682 NYS2d 383] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about October 25, 1997, which, *inter alia*, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim and granted defendant and third third-party plaintiff Cauldwell-Wingate Co.'s motion for summary judgment on its common law indemnity claim, unanimously modified, on the law, to the extent that partial summary judgment in favor of plaintiff is denied, his Labor Law § 240 (1) claim dismissed, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 26, 1998, which granted the motion of defendant Stanley Stahl, doing business as Stahl Realty Estate Co., Stahl Park Avenue Corp. and Stahl One Park Avenue (Stahl) for summary judgment on its claim for common law indemnification against third-party defendant Avanti Demolition & Carting Corp. (Avanti), unanimously dismissed, without costs, as abandoned.

We find that plaintiff's injury was not the result of an elevation-related risk within the purview of the absolute liability provision of Labor Law § 240 (1), but rather the result of a typical construction site hazard. Plaintiff was injured while working at a ground-level demolition site when an integral part of the structure, a section of air conditioning duct work suspended from an approximately 10-foot-high ceiling by metal support straps, fell on him. Under such circumstances, section 240 (1) does not render an owner or contractor liable and the fact that the injury-causing debris fell from a height has been held to be irrelevant (*Amato v State of New York*, 241 AD2d 400, *lv denied* 91 NY2d 805; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487). Plaintiff's contentions that liability resulted from the failure of the metal strapping or from the failure to provide other safety devices are without merit, since the metal strapping was not a safety device used in connection with an elevated work site, but a device used to lend support to a completed structure (*Misseritti v Mark IV Constr. Co., supra,* at 491) and the record shows that the lack of additional safety devices was not a proximate cause of the accident. The authorities cited in support of summary judgment in the order appealed from and by plaintiff in responding to the appeal are inapposite as either factually distinguishable and/or as predating *Misseritti*.

Cauldwell-Wingate Co., the work site construction manager, was properly granted summary judgment against Avanti. The record indicates that the former's liability was purely vicarious here, entitling it to full common law indemnification from Avanti, plaintiff's employer and active work site supervisor who bore actual responsibility for the work resulting in plaintiff's injuries (*Chapel v Mitchell*, 84 NY2d 345, 347; *Kelly v Diesel Constr. Div.*, 35 NY2d 1, 6-7; *Nappo v Menorah Campus*, 216 AD2d 876, 877). Avanti's contentions on this issue are without merit.

Neither of Avanti's briefs contained any challenge to Justice Miller's grant of summary judgment to Stahl; therefore we deem its appeal from the January 26, 1998 order abandoned and it is, accordingly, dismissed (*Matter of Pessano*, 269 App Div 337, 341, *affd* 296 NY 564). Concur—Lerner, P. J., Williams, Tom and Andrias, JJ.