■ NIKOLA PICCINICH et al., Appellants, v NEW YORK STOCK EXCHANGE, INC., et al., Respondents. NEW YORK STOCK EXCHANGE, INC., et al., Third-Party Plaintiffs-Respondents, et al., Third-Party Defendant. [683 NYS2d 517] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered September 22, 1997, which, in an action by a laborer to recover for personal injuries, granted defendants owners' and contractor's motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously modified, on the law, to reinstate plaintiffs' causes of action for common-law negligence and violations of Labor Law §§ 200 and 241 (6) as against the owners (New York Stock Exchange, Inc. and New York Stock Exchange Building Corp.), and otherwise affirmed, without costs.

Plaintiffs' Labor Law § 240 (1) cause of action against the owners was properly dismissed because the injury he sustained when a component of the air conditioner he was dismantling fell two to three inches onto his hand was not caused by an elevation-related risk contemplated by the statute (*see, Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841; *Schreiner v Cremosa Cheese Corp.*, 202 AD2d 657), and the allegedly defec-

tive internal support beam that fell through the bottom of the unit, causing the component to fall, was not a "brace" within the meaning of the statute (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491; *Amato v State of New York*, 241 AD2d 400, 401, *lv denied* 91 NY2d 805). However, plaintiffs' other causes of action against the owners should not have been dismissed where, although their notice of motion stated that it was for summary judgment dismissing the entire complaint, the supporting papers, and indeed the motion court, addressed only the Labor Law § 240 (1) cause of action. Under such circumstances, it would be not only manifestly unfair to grant summary judgment against plaintiff.for not responding to arguments not explicitly raised, but would also impermissibly shift the initial burden of proof (CPLR 3212 [b]; *see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430). Concerning the contractor, summary judgment was properly granted in its favor, where it submitted an affidavit from a vice president that its records indicated it did not perform any work at the accident site prior to or at the time of the accident, and plaintiff countered with mere expressions of hope that further disclosure might uncover information linking it to the accident (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Concur—Sullivan, J. P., Lerner, Mazzarelli and Saxe, JJ.