■ BRIAN BRINK et al., Appellants, v YESHIVA UNIVERSITY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. SUNSTREAM CORPORATION, Third-Party Defendant-Appellant. [686 NYS2d 15] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about April 24, 1998, which granted plaintiffs' motion for partial summary judgment upon the issue of liability against defendant Yeshiva University on their first cause of action alleging a violation of Labor Law § 240, and granted the cross motion of Yeshiva University for summary judgment on its third-party claims for common-law and contractual indemnification against third-party defendant Sunstream Corporation, unanimously modified, on the law, to deny plaintiffs' motion, and to grant the cross motion of third-party defendant Sunstream Corporation for summary judgment dismissing the Labor Law § 240 claim, and otherwise affirmed, without costs.

Plaintiff Brian Brink was working at floor level when an interior chimney, also at floor level, collapsed on him during its demolition. Because both the chimney and Brink were at the same level at the time of the collapse the incident was not sufficiently attributable to elevation differentials to warrant imposition of liability pursuant to Labor Law § 240 (1) (see, Misseritti v Mark IV Constr. Co., 86 NY2d 487, 490-491; Amato v State of New York, 241 AD2d 400, lv denied 91 NY2d 805). Nonetheless, due to the absence of any evidence that defendant Yeshiva University directed, controlled or supervised the manner in which Brink performed his work or the job site, the motion court properly granted Yeshiva's cross motion for indemnification pursuant to the common law and/or Labor Law § 200 (see, Lombardi v Stout, 80 NY2d 290, 293; Curtis v 37th St. Assocs., 198 AD2d 62). Finally, the motion court correctly determined that Yeshiva University was also entitled to contractual indemnification based on the relevant provision of its contract with Sunstream Corporation. Concur—Nardelli, J. P., Wallach, Lerner and Rubin, JJ.