■ HENRY BLOUNT, Respondent, v BOVIS LEND LEASE HOLDINGS, INC., Doing Business as BOVIS LEND LEASE, Appellant, et al., Defendant. [828 NYS2d 305]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered on or about March 17, 2006, which, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

The record establishes that the defendant in this action, Bovis Lend Lease Holdings, Inc. (Holdings), is not the entity that was general contractor on the construction project on which plaintiff was working when he was injured. Uncontroverted documentary evidence shows that a different entity, Bovis Lend Lease LMB,

Inc. (LMB), contracted to act as general contractor on the project, and entered into the subcontract with plaintiff's employer for the electrical work thereon. LMB's status as the general contractor is further evidenced by various minutes and reports generated in the course of the project. The record also contains corporate documents establishing that Holdings and LMB are separate and distinct (albeit affiliated) entities. In addition, an individual who was a corporate officer of both entities testified, without contradiction, that Holdings had no involvement in the project at issue.

We see no merit in plaintiff's argument that Holdings should be deemed equitably estopped to seek dismissal of the action on the ground that it is not the proper defendant. Since Holdings, in its answer, denied that it was the project's general contractor, and never made any representation that it had been the general contractor, there is no evidence of any justifiable reliance by plaintiff on Holdings' words or conduct that could give rise to an equitable estoppel (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]). Further, since plaintiff has timely commenced a separate negligence action against LMB (which was still pending as of the time of the order appealed from), he cannot claim to have been prejudiced by any conduct of Holdings in defending this action. Finally, given that all of the relevant contractual documents identified LMB as the general contractor, it cannot be said that plaintiff exercised due diligence in commencing this action against Holdings in the first instance (*see Simcuski v Saeli*, 44 NY2d 442, 450 [1978] ["due diligence on the part of the plaintiff in bringing his action is an essential element for the applicability of the doctrine of equitable estoppel"]). Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Malone, JJ.