MARYLOU AMAROSA et al., Respondents-Appellants, v CITY OF NEW YORK et al., Defendants, TISHMAN CONSTRUCTION COMPANY, Appellant-Respondent, and COLUMBUS CONSTRUCTION CORP., Respondent. (And a Third-Party Action.) [858 NYS2d 173]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered February 15, 2007, which, insofar as appealed from, granted the motion of defendant Columbus Construction Corporation (Columbus) for summary judgment dismissing the complaint as against it, and denied the motion of Tishman Construction Company now known as Tishman Realty & Construction Co., Inc. (Tishman) for summary judgment dismissing the complaint as against it, unanimously modified, on the law, Tishman's motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff asserts that she fell into a pothole and hit her shoulder on a manhole cover while crossing West 43rd Street at 8th Avenue in Manhattan on September 9, 1999. Columbus made a prima facie showing of entitlement to summary judgment by submitting the affidavit of its risk manager stating that his search of the company's records turned up no records of work

at that location dating back to 1999. Further, the time sheets of the company's employees for the month prior to the accident showed that all of the employees had been working in the Bronx. In opposition, plaintiffs presented no evidence tending to show that Columbus was working in the area in or around September 1999. Absent such evidence Columbus is entitled to summary judgment (*see Robinson v City of New York*, 18 AD3d 255 [2005]).

Similarly, Tishman was entitled to summary judgment. The summons and complaint as filed failed to name any Tishman defendant that could possibly be connected with the accident site, and Tishman was entitled to summary judgment on this ground alone (*Blount v Bovis Lend Lease Holdings, Inc.*, 35 AD3d 310 [2006]).

Initially, we note that the amended verified complaint as filed lists "Tishman Construction Company" as a party defendant. However, the summons and complaint served on Tishman bear the handwritten annotation "S/H/A Tishman Construction Company N/K/A Tishman Realty & Construction Co., Inc." It is uncontroverted that Tishman Construction Company does not exist; that Tishman Construction Corporation of New York was the construction manager for a project located at 3 Times Square; that Tishman Westside Construction, LLC was involved in the construction of the Westin Hotel at the southeast corner of 43rd Street and 8th Avenue; and, that Tishman Realty & Construction Co., Inc. was not involved in any construction or repair work at the site of the accident.

The mere fact that New York City issued permits to "Tishman Construction" to store materials on the sidewalk in proximity to the accident site is insufficient to raise a question of fact as to whether Tishman performed any work at the site (*Bermudez v City of New York*, 21 AD3d 258 [2005]), or that such work was the cause of the pothole in question.

Furthermore, the unrebutted affidavit of the project superintendent for the Tishman construction at 3 Times Square established that the 3 Times Square project was at the opposite end of West 43rd Street, at least 400 feet from the site of the accident. The permits attendant to that project only applied to an area extending 164 feet west from Seventh Avenue. There is no evidence of record that tends to show that the construction at 3 Times Square was a proximate cause of a pothole in the street 400 feet westward.

Finally, while there may be an issue of fact on when the construction began on the Westin Hotel (Tishman maintaining that it did not begin until nine months after the accident), there

is no evidence of record that any construction work caused the offending pothole. Even when we credit plaintiff's testimony that the hotel was already being built at the time she fell, she merely testified that it appeared that the roadway itself was also under construction. This is insufficient to rebut Tishman's proof that it performed no work in the street at the location of the accident, at the time of the accident. Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ.