(March 23, 2010)

■ ANTONI WILINSKI et al., Respondents, v 334 EAST 92ND HOUSING DEVELOPMENT FUND CORP. et al., Appellants. [898 NYS2d 15]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 23, 2009, which granted plaintiffs' motion for summary judgment on the issue of liability under Labor Law

§ 240 (1), and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny plaintiffs' motion and to grant defendants' motion to the extent of dismissing the section 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff Antoni Wilinski, while engaged in the demolition of a wall, was struck in the head by two large pipes that had been standing unsecured following the removal of the floor and ceiling above and toppled over when they were hit by debris from another wall undergoing demolition. The collapse of the pipes, like the collapse of a wall in *Misseritti v Mark IV Constr. Co.* (86 NY2d 487 [1995]), is not the "type of elevation-related accident that section 240 (1) is intended to guard against" (*id.* at 491). "Rather, the accident that resulted in [plaintiff's] . . . injuries is the type of peril a construction worker usually encounters on the job site" (*id.*). Since both the pipes and plaintiff "were at the same level at the time of the collapse the incident was not sufficiently attributable to elevation differentials to warrant imposition of liability pursuant to Labor Law § 240 (1)" (*Brink v Yeshiva Univ.*, 259 AD2d 265 [1999]).

With respect to plaintiffs' Labor Law § 241 (6) claim, however, defendants' argument that Industrial Code (12 NYCRR) § 23-3.3 (b) (3) and (c) are inapplicable is unavailing. Defendants contend that 12 NYCRR 23-3.3 (b) (3), which provides that parts of buildings "shall not be left unguarded in such condition that such parts may fall, collapse or be weakened by wind pressure or vibration," is inapplicable because there is no evidence that wind pressure or vibration caused the pipes to topple. A fair reading of the section, however, leads to the conclusion that the phrase "by wind pressure or vibration," does not attach to the words "fall" or "collapse," but only to the immediately preceding words, "be weakened." Thus, the toppling of the pipes need not be shown to have been caused by wind pressure or vibration in order for liability to arise under the section.

12 NYCRR 23-3.3 (c) provides that "[d]uring hand demolition operations, continuing inspections shall be made by designated persons . . . to detect any hazards . . . resulting from weakened or deteriorated floors or walls or from loosened material," and mandates protection against such hazards "by shoring, bracing or other effective means." Defendants contend that this provision is inapplicable because plaintiff's accident was the result not of any "weakened or deteriorated floors or walls or from loosened material," but of the performance of the demolition work itself. However, defendants, as summary judgment movants, failed to meet their burden of demonstrating the absence

of questions of fact as to whether they complied with the standard of care required under the section, including the designation of persons to conduct the mandated inspections, and, as well, as to whether the pipes did not constitute "loosened material" (*see Cardenas v One State St., LLC*, 68 AD3d 436 [2009]).

Finally, we observe that the motion court did not err in considering defendants' untimely cross motion to the extent that it addressed the Labor Law causes of action that were the subject of plaintiffs' timely motion (*see Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [2006], *appeal dismissed* 9 NY3d 862 [2007]). Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ.