Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered May 21, 2013, which denied without prejudice defendant Commissioner’s (ACS) motion for partial summary judgment and to decertify or modify the class, unanimously affirmed, without costs. Order, same court, Justice, and entry date, which denied plaintiffs-intervenors’ motion to compel discovery, unanimously modified, on the law and the facts, and the motion granted, insofar as plaintiffs seek material from January 1, 2006 to the present, as to discovery requests 1, 5, 13, 14, 15, and 16; as to request 4, only to the extent it requests all documents and things concerning the placement of any child with a developmental disability in ACS’ care or custody who has been placed by ACS in a nursing home; as to request 6, only to the extent it requests all documents and things concerning overnight placement of children with developmental disabilities at ACS’ Center for more than 48 hours; as to request 11, only to the extent it requests all notes and correspondence concerning any child with developmental disabilities in ACS’ foster care system who was not referred to the Office for People with Developmental Disabilities (OPWDD) by the time he or she turned 18 years of age; as to requests 17, 18, 19, and 20, only insofar as they pertain to children with developmental disabilities under the care, custody or guardianship of ACS; as to request 10, only to the extent it requests a sampling of individ *402 ual case files of children with a developmental disability who turned 21 years of age while in ACS’ foster care system but had not yet received an OPWDD placement at the time he or she turned 21 years of age; and as to the request for an updated list of children with developmental disabilities found eligible for, but still awaiting, placement by OPWDD, and otherwise affirmed, without costs.
In this class action, plaintiffs-intervenors, children with developmental disabilities who are or who have been in the care or custody of New York City Administration for Children’s Services (ACS), seek to ensure that defendants ACS and OPWDD[1] provide services to plaintiffs, and other members of the certified class, to which they are legally entitled. In 2011, plaintiffs moved to compel ACS to produce the documents listed in their third set of requests for production of documents. ACS, however, moved for partial summary judgment against plaintiffs and for decertification or modification of the class. The motion court denied plaintiffs’ motion to compel the production of documents from ACS and denied ACS’ motion to decertify or modify the class, as well as its motion for partial summary judgment.
We find that the motion court erred in denying plaintiffs’ motion to compel disclosure by ACS. Under CPLR 3101 (a), “full disclosure” is required for “all matter material and necessary in the prosecution or defense of an action.” The Court of Appeals has held that “material and necessary” is “to be interpreted liberally,” and that the test of whether matter should be disclosed is “one of usefulness and reason” (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; see e.g. Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 [1st Dept 2009]). Here, the documents requested by plaintiffs on appeal concern ACS’ identification, placement and referral to OPWDD of children with developmental disabilities in ACS’ care or custody,[2] and are relevant to the alleged failure of ACS to provide them with appropriate services. Although ACS argues that many of the documents requested are irrelevant given ACS’ adoption of new policies and procedures in 2009, disclosure will be useful in determining how ACS actually executed its policies and procedures, both before and after the policy changes took effect. Thus, in the exercise of discretion, we grant plaintiffs’ motion to compel to the extent indicated above.
*403 ACS urges that disclosure should be restricted to the specific four issues cited by the Court of Appeals in its discussion of whether the class should be certified (City of New York v Maul, 14 NY3d 499, 512 [2010]). The Court of Appeals did not address the scope of discovery, but rather it identified the issues that united the class members (id. at 514). Given the liberal standard for discovery, we see no reason to preclude plaintiffs’ requests entirely. Furthermore, the discovery requests here may be material to one of the issues noted by this Court and by the Court of Appeals, i.e., ACS’ recurrent failure to meet its permanency obligations. As to ACS’ contention that some of the requested material, such as individual case files, contain confidential information, once the material to be disclosed has been identified, appropriate action, such as the redaction of identifying information, may be taken to protect individuals’ privacy. The implementation of such measures for all of these requests rests in the sound discretion of the trial court.
Finally, we find that the motion court did not err in denying ACS’ motion for partial summary judgment and decertification or modification of the class. Although ACS argues that its implementation of new policies and procedures in 2009 has remedied the harms alleged by plaintiffs, there is evidence in the record that raises triable issues of fact as to whether ACS, in actual practice, provided children with developmental disabilities in its care the services to which they are entitled. Further, we reject ACS’ contention that the class certification is improper because it may involve review of individual cases already decided by the Family Court. There is no indication that plaintiffs seek to encroach on Family Court’s jurisdiction; rather, plaintiffs seek to ascertain whether there is a reoccurring problem.
We have considered the appealing parties’ remaining arguments and find them unavailing.
Concur—Gonzalez, EJ., Acosta, Saxe, Richter and Manzanet-Daniels, JJ.

. Formerly called the Office of Mental Retardation and Developmental Disabilities.

. On appeal, plaintiffs do not address the motion court’s denial of requests 2, 3, 7, 8, 9, 12, 21, 22, 23 or 24. These requests are abandoned (see e.g. Dias v Stahl, 256 AD2d 235, 237 [1st Dept 1998]).