Igneri v Triumph Constr. Corp. (2018 NY Slip Op 07707)





Igneri v Triumph Constr. Corp.


2018 NY Slip Op 07707


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-03158
 (Index No. 10358/14)

[*1]Antoinette Igneri, appellant, 
v
Triumph Construction Corp., et al., respondents.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent Triumph Construction Corp.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondents Keyspan Energy Corporation and Brooklyn Union Gas Company, doing business as National Grid NY, incorrectly sued herein as Keyspan Energy Delivery New York City.
Nadine Rivellese, New York, NY (Stephen T. Brewi of counsel), for respondent Consolidated Edison Company of New York, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 13, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Keyspan Energy Corporation and Brooklyn Union Gas Company, doing business as National Grid NY, incorrectly sued herein as Keyspan Energy Delivery New York City, which was for summary judgment dismissing the complaint insofar as asserted against them, that branch of the separate motion of the defendant Triumph Construction Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and that branch of the cross motion of the defendant Consolidated Edison Company of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On February 29, 2012, the plaintiff allegedly tripped and fell as a result of a hole in the surface of a crosswalk at the intersection of Joralemon Street and Court Street in Brooklyn. The plaintiff commenced this personal injury action against the defendants Triumph Construction Corp. (hereinafter Triumph) and Consolidated Edison Company of New York, Inc. (hereinafter Con Edison), as well as the defendants Keyspan Energy Corporation and Brooklyn Union Gas Company, doing business as National Grid NY, incorrectly sued herein as Keyspan Energy Delivery New York [*2]City (hereinafter together the Keyspan defendants). The complaint alleged that the defendants created the hole by performing work in or about the roadway and crosswalk where the plaintiff allegedly fell, and that the work included the excavation and renovation of that area. Following discovery, the Keyspan defendants and Triumph separately moved, and Con Edison cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that they did not perform work at the accident location and therefore did not create the hole. The Supreme Court granted those branches of the separate motions and cross motion. The plaintiff appeals.
The Keyspan defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating, through the submission of various records and the deposition testimony of their consultant, that they did not perform work prior to the subject accident in the area where the plaintiff allegedly fell (see Lewis v City of New York, 82 AD3d 1054; Flores v City of New York, 29 AD3d 356). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact with respect to the fault of the Keyspan defendants in the happening of the accident (see Zuckerman v City of New York, 49 NY2d 557, 562). Thus, we agree with the Supreme Court's determination to grant that branch of the Keyspan defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
Triumph similarly established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it based on the affidavit of its project manager, which demonstrated that Triumph performed no work prior to the subject accident in the crosswalk or roadway where the accident allegedly occurred (see Arrucci v City of New York, 45 AD3d 617, 618; Kleeberg v City of New York, 305 AD2d 549; see also Amarosa v City of New York, 51 AD3d 596, 596-597; Piccinich v New York Stock Exch., 257 AD2d 438, 439). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact as to the fault of Triumph in the happening of the accident (see Zuckerman v City of New York, 49 NY2d at 562). Thus, we agree with the Supreme Court's determination to grant that branch of Triumph's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Con Edison likewise established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it based on the affidavits of its records searcher, which demonstrated that no records existed of any excavation or paving by Con Edison at the location of the subject accident in the two years prior to its occurrence (see Arrucci v City of New York, 45 AD3d at 618; see also Amarosa v City of New York, 51 AD3d at 596-597; Piccinich v New York Stock Exch., 257 AD2d at 439). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact as to the fault of Con Edison in the happening of the accident (see Zuckerman v City of New York, 49 NY2d at 562). Thus, we agree with the Supreme Court's determination to grant that branch of Con Edison's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court