Matter of Michael B. v Latasha T.-M. (2018 NY Slip Op 07929)





Matter of Michael B. v Latasha T.-M.


2018 NY Slip Op 07929


Decided on November 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7763 7762

[*1]In re Michael B., Petitioner-Appellant,
v
Latasha T.-M., Respondent-Respondent.


Carol L. Kahn, New York, for appellant.
Diaz & Moskowitz, PLLC, New York (Hani M. Moskowitz of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.



Appeal from order, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about August 4, 2017, which, after a hearing, inter alia, awarded primary physical custody of the subject child to respondent mother, unanimously dismissed, without costs, as abandoned. Order, same court and Judge, entered on or about December 13, 2017, which, to the extent appealed from as limited by the briefs, denied the father's petition for modification of custody, unanimously reversed, on the law, without costs, and the petition granted to the extent of remanding the matter for a full hearing on the issue of whether it is in the child's best interests to relocate with his mother to Florida on a permanent basis. The schedule for the father's phone/email/electronic contact with the child and for his summer visitation set forth in the August 4, 2017 order shall remain in effect pending further order of the Family Court.
The appeal from the August 4, 2017 custody order is dismissed as abandoned, as petitioner father currently raises no challenge to that determination (see e.g. Ifill-Colon v 153 E. 149th Realty Corp., 160 AD3d 583, 584 [1st Dept 2018]; Dias v Stahl, 256 AD2d 235, 237 [1st Dept 1998]).
On or about September 13, 2017, the father filed a petition for writ of habeas corpus and a petition alleging that the mother had violated the August 4, 2017 custody order in that he had not seen or heard from the child or the mother in two weeks. The Family Court issued a writ of habeas corpus dated September 13, 2017 directing the mother to produce the child in court on September 19, 2017. It appears that this never occurred.
On December 13, 2017, Family Court held a brief hearing at which the father testified in person and the mother testified by telephone from Florida. No other witnesses were called, and no documentary evidence was introduced. The mother alleged that she had gone to Florida on September 4, 2017 to visit her mother, learned two days later that she had been evicted from her Bronx apartment while she was in Florida, and claimed that her physician had advised her not to travel because she was in the final month of a high-risk pregnancy. The mother testified that she did not intend to return to New York.
Family Court properly found that the mother violated the August 4, 2017 order by intentionally relocating to Florida without the father's consent or permission of the court, and that this impaired the father's visitation rights. The court did not abuse its discretion in remedying this impairment by ordering that the father have visitation on particular dates during the child's upcoming winter and spring school breaks, and by directing the mother to pay for the child's travel expenses (see Matter of Yeager v Yeager, 110 AD3d 1207 [3d Dept 2013]). Accordingly, we decline to disturb Family Court's determination of the father's violation petition.
Family Court correctly determined that the mother's testimony about her unilateral relocation constituted a change in circumstances, triggering an inquiry into whether the child remaining in the mother's custody in Florida is in the child's best interests (see Matter of Bennett v Abbey, 141 AD3d 882, 885 [3d Dept 2016]). However, the court abused its discretion in making a final determination on that issue without a full hearing at which the parties and the child's attorney had an opportunity to present relevant evidence. The question of a child's relocation out of state necessarily requires "due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child (Tropea v Tropea, 87 NY2d 727, 739 [1996]). [C]ustody and visitation decisions should be made with a view toward minimizing the parents' discomfort and maximizing the child's prospects of a stable, comfortable and happy life" (id. at 742). Relevant factors include the parties' good faith in requesting or opposing the move, the child's attachments to each parent, the quality of the life-style that the child would have if the proposed move were permitted or denied, the effect that the move may have on any extended family relationships, and whether a visitation plan can be achieved that permits the noncustodial parent to maintain a meaningful parent-child relationship (id.). In this case, since the father had raised concerns in his petition about the child's education, the parties should have had the opportunity to present evidence about this, in addition to other relevant factors.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 20, 2018
CLERK