## Vargas Rochez v 222 E. Broadway Prop. Owner, LLC

2024 NY Slip Op 32419(U)

July 11, 2024

Supreme Court, New York County

Docket Number: Index No. 150769/2020

Judge: Richard G. Latin

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD G. LATIN**

*Justice*

-------------------------------------------------------------------------------X

DANIEL JOSUE VARGAS ROCHEZ,

                    Plaintiff,

- v -

222 EAST BROADWAY PROPERTY OWNER,
LLC,ROUNDSQUARE BUILDERS, LLC

                    Defendant.

-------------------------------------------------------------------------------X

| PART | 46M |
|---|---|
| INDEX NO. | 150769/2020 |
| MOTION DATE | 02/27/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 32, 34

were read on this motion to/for          JUDGMENT - SUMMARY        .

Upon the foregoing documents, it is ordered that plaintiff Daniel Josue Vargus Rochez ("Plaintiff") motion pursuant to CPLR 3212 for an order granting partial summary judgement against defendants 222 East Broadway Property Owner, LLC ("222 East") and Roundsquare Builders, LLC ("Roundsquare") on his Labor Law §§ 240(1) and 241(6) causes of action is determined as follows:

## Background

On October 29, 2019, at approximately 8:00 a.m., Plaintiff and other workers performed demolition work on the premises owned by 222 East located on 147 West 35th Street, New York, NY 10021 (NYSCEF # 4 ¶ 2,3). Roundsquare was the construction manager for demolition of the property, which Roundsquare contracted and supervised Celtic Services NYC Inc. to provide interior demolition work on the premises (NYSCEF # 1 ¶ 15, 24; NYSCEF # 2 ¶ 11; NYSCEF # 22 at 16-17). Plaintiff was employed by Celtic Services NYC Inc. and performed demolition work under contract with RoundSquare (NYSCEF # 4 ¶ 13). Plaintiff was injured when a pipe allegedly

[* 1]

fell from the ceiling and struck him on his hip and back (NYSCEF # 17 ¶ 3). When the accident occurred, Plaintiff was picking up garbage from the ground during demolition (*id.* ¶ 10; NYSCEF # 22 at 49). Plaintiff testified that he brought a hardhat, boots, gloves, and eye protection to the site (NYSCEF # 17 ¶ 8; NYSCEF # 22 at 49). Plaintiff took directions regarding work from the foremen, Johnny and Carlos (NYSCEF # 17 ¶ 8; NYSCEF # 22 at 44). The demolition process involved workers demolishing walls and removing and cutting pipes from the ceiling (NYSCEF # 17 ¶ 10; NYSCEF # 22 at 51, 54-57). The pipes were cut into smaller pieces "approximately a half-meter (1-2 feet)" (NYSCEF # 17 ¶ 10; NYSCEF # 22 at 57). The removal involved a rudimentary process which "[o]ne worker would cut the pipe while the other worker held the pipe so it would not fall" from the ceiling (NYSCEF # 17 ¶ 10; NYSCEF # 22 at 58-59). A portion of a pipe fell on Plaintiff's hip and back by an unsecure section of a pipe being cut measuring at "4 meters long (13 feet)" (NYSCEF # 17 ¶ 10; NYSCEF # 22 at 66).

With this motion, Plaintiff argues that there are no material triable issues of fact that both defendants violated the Labor Laws which proximately caused Plaintiff's injuries, and that the matter should immediately be set down for trial as to damages (*id.*). 222 East and Roundsquare oppose Plaintiff's motion. Both defendants respond that Plaintiff failed to meet his burden by establishing that there are no issues of material facts regarding the alleged violations (NYSCEF # 33 at 3-10).

## **Discussion**

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]); *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

However, once this showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form which require a trial of the action (*Zuckerman v City of New York*, *supra*). Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to defeat summary judgment (*id.*).

**Liability Under Labor Law 240(1)**

Labor Law § 240(1) mandates that building owners and contractors "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 6-7 [2011], quoting Labor Law § 240(1)).

The statute imposes absolute liability on building owners and contractors whose failure to "provide proper protection to workers employed on a construction site" constitute proximate cause of injury to a construction worker (*Wilinski*, 18 NY3d at 7, quoting *Misseritti v Mark IV Const. Co., Inc.*, 86 NY2d 487, 490 [1995]). An "accident alone" does not sufficiently establish a violation of Labor Law § 240(1) or causation (*Cutaia v Bd. of Managers of 160/170 Varick St. Condominium*, 38 NY3d 1037, 1038 [2022]). In addition, Labor Law § 240(1) is designed to protect against "harm directly flowing from the application of the force of gravity to an object or person" (*id.*, quoting *Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY2d 494, 501 [1993]).

[* 3]

Labor Law 240(1) is to be interpreted as "liberally as may be for the accomplishment of the purpose for which it was thus framed" (*Rocovich v Consol. Edison Co.*, 78 NY2d 509, 513 [1991]). Thus, this section has been interpreted to impose absolute liability for a breach which has proximately caused an injury (*id.*). "Negligence, if any, of the injured worker is of no consequence" (*id.*; *see Bland v Manocherian*, 66 NY2d 452, 459-461 [1985]) In furtherance of the legislature's purpose of protecting workers "against the known hazards of the occupation" § 240(1) is nondelegable and that "an owner is liable for a violation of the section even though the job was performed by an independent contractor over which it exercised no supervision or control" (*Rocovich*, 78 NY2d at 513).

Plaintiff avers that there are no triable issues of fact regarding Defendants' liability under Labor Law § 240(1), which places a "non-delegable duty on owners and contractors to provide construction workers with adequate equipment to protect them from risk of injuries caused by the dangers inherent in working from elevation" (NYSCEF # 17 ¶ 20; NYSCEF # 34 ¶ 7). To the contrary, Defendants argue that triable issues of fact exist by pointing out issues on whether the object that allegedly struck Plaintiff was an object that was in the process of being hoisted or required securing (*id.*). Defendants further argue that Plaintiff's testimony "revealed that he was unable to identify the cause of his incidence," thus showing an issue of fact on the proximate cause of Plaintiff's injury (*id.*). The court finds Defendants' arguments unavailing.

"[F]alling object" liability under Labor Law § 240(1) is not limited to cases in which the falling object is in the process of being hoisted or secured (*Quattrocchi v F.J. Sciame Const. Corp.*, 11 NY3d 757, 758-59 [2008]; *Franco v 1221 Ave. Holdings, LLC*, 189 AD3d 615 [1st Dept 2020] [holding that plaintiff's testimony that he was injured during demolition work when an unsecured pipe fell from the ceiling and struck him, establishes prima facie that his injuries resulted "directly

from the application of the force of gravity" and that, having failed to provide proper safety devices, defendants are liable for these injuries under Labor Law § 240(1)]).

Here, similar to *Franco*, the Plaintiff was injured from a falling pipe, which Plaintiff is not required to show whether the pipe was being hoisted or secured when it fell (NYSCEF # 17 ¶ 24; *see Franco*, 189 AD3d at 615). Next, Plaintiff's inability to accurately identify the cause of the incident will not prove fatal in sufficiently proving proximate cause to his injury (*see Humphrey v Park View Fifth Ave. Assoc. LLC*, 113 AD3d 558, 558-59 [1st Dept 2014] [finding that proximate cause of injury was established even though plaintiff did not know where the aluminum beam fell which struck him and granting partial judgement in favor of injured plaintiff]). In addition, even if Plaintiff was the sole witness to the accident, it would not bar summary judgment in his favor (*id.*). Furthermore, regardless of how high the pipe was located, the height differential was not de minimis, given the amount of force the pipe was able to generate during its descent to cause Plaintiff's injuries, thus showing force flowing directly from gravity (*see Wilinski*, 18 NY3d at 10). Plaintiff also sufficiently demonstrated he is a protected worker who was performing under one of the seven enumerated protected activities outlined in Section 240 under "demolition" (§ 240(1)).

In this case, both Defendants 222 East and Roundsquare fall under the scope of Labor Law 240(1) as "owners" and "contractors," and the accident arose from the type of work defined under section 240(1) as "demolition" (*id.*). Here, Plaintiff was exposed to the dangers of gravity, his injury flowed directly from the forces of gravity, and the violation of the statute is a proximate cause of Plaintiff's injuries (*see Cutaia*, 38 NY3d at 1038) In addition, Defendants failed to show that Plaintiff was the sole proximate cause of his injury to defeat a § 240(1) claim (*see Oleo v Charis Christian Ministries, Inc.*, 106 AD3d 521, 522 [1st Dept 2013]). Because the duty imposed

under § 240(1) is nondelegable, the owner 222 East as well Roundsquare are liable (*see Rocovich*, 78 NY2d at 513).

Accordingly, partial summary judgement for violation of Labor Law 240(1) is granted in favor of Plaintiff.

**Liability Under Labor Law 241(6)**

The *Ross* court held that Labor Law § 241(6) is a hybrid statutory claim and cannot be construed as imposing common law standards of care upon contractors, owners and their agents to provide a safe place to work (*see Ross*, 81 NY2d at 504). Section 241(6) holds a nondelegable duty onto contractors, owners and their agents vicariously liable for non-compliance with the expressly stated directives from the Industrial Code on whether a party did exercise direction and control over the work (*id.* at 505). Only specific or concrete provisions can be used to support a § 241(6) cause of action, not general provisions that simply repeat common law principals (*id.* at 504).

The Court of Appeals in *Rizzuto v L.A. Wenger Contr. Co., Inc.*, further clarified the necessary elements for a plaintiff to successfully prove a § 241(6) claim (91 NY2d 343, 349-50 [1998]). Once plaintiff and defendant meet the appropriate class of people to be governed by the statute and the nature of the work is established, then the plaintiff must plead and prove that a specific concrete provision was violated and more specifically, that it was violated by "someone within the chain of the construction project" (*id.* at 350-351). The issue of applicability of a particular rule is a question of law for the court to decide (*id.*). A violation of an Industrial Code rule "while not conclusive on the question of negligence, would thus constitute *some evidence of negligence* and thereby reserve, for resolution by a jury, the issue of whether the equipment, operation or conduct at the worksite was reasonable and adequate under the particular circumstances" (*id.* at 351). However, the absence of actual or constructive notice of the dangerous

condition is unnecessary and irrelevant to the imposition of liability against the contractor, owner or their agents because vicarious liability is imposed onto defendants through § 241(6) (*see id.* at 350). An owner or general contractor may raise any valid defense to the imposition of vicarious liability under section 241(6) such as contributory and comparative negligence (*id.*)

In this case, Plaintiff alleges that defendants violated 12 NYCRR §§ 23-1.7 and 23-3.3 (NYSCEF # 17 ¶ 35). 12 NYCRR § 23-1.7 provides that any location that is an overhead hazard "shall be provided with suitable overhead protection. Such overhead protection shall consist of tightly laid sound planks at least two inches thick full size, tightly laid three-quarter inch exterior grade plywood or other material of equivalent strength" (12 NYCRR § 23-1.7). 12 NYCRR § 23-3.3(b) provides that demolition of walls and partitions "shall proceed in a systematic manner and all demolition work above each tier of floor beams shall be completed before any demolition work is performed on the supports of such floor beams" (12 NYCRR § 23-3.3(b)). Plaintiff also claims that Defendants violated inspection procedure pursuant to 12 NYCRR § 23-3.3(c). These regulations unequivocally direct employers to specific guidelines for different areas of construction and impose an affirmative duty on employers for safety (*see* 12 NYCRR § 23-1.7; 12 NYCRR § 23-3.3). As such, these two Industrial Code provisions mandate a distinct standard of conduct, rather than a general reiteration of common-law principles, and is precisely the type of "concrete specifications" that the *Ross* court requires (*Rizzuto*, 91 NY2d at 351, quoting *Ross*, 81 NY2d at 503-505).

Here, a violation of these provisions would constitute some evidence of negligence and thereby reserve for resolution by a jury on the multiple triable issues of fact of whether an overhead hazard existed, whether the alleged accident location was an area where people passed through, or whether there was a breach in any walls of the building (NYSCEF # 33 ¶ 16, 18; NYSCEF # 17 ¶

35-40). In addition, Plaintiff's and the construction supervisor's testimonies both provide conflicting information regarding the existence an overhead hazard and whether pipe removal was carried out during demolition of an elevator shaft, thereby demonstrating multiple issues of fact (NYSCEF # 24 at 25-26; NYSCEF # 22 at 53-54).

Accordingly, because multiple issues of triable fact exist, Plaintiff's cause of action for summary judgement that Defendants violated the Industrial Code provisions 12 NYCRR §§ 23-1.7 and 23-3.3 pursuant to Labor Law 241(6) is denied.


## Conclusion

In view of the above, it is

ORDERED that the motion for summary judgment is granted as to Labor Law 240(1); and it is further

ORDERED that the motion is denied in all other respects.

This constitutes the decision and order of the Court.

| 7/11/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **RICHARD G. LATIN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 8]