Buff v Janover LLC (2026 NY Slip Op 00007)

Buff v Janover LLC

2026 NY Slip Op 00007

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Index No. 154780/20|Appeal No. 5517-5518|Case No. 2024-00325, 2024-00529|

[*1]Carolyn Buff, Appellant,
vJanover LLC, et al., Respondents.

Carolyn Buff, appellant pro se.
Fox Rothschild LLP, New York (Rory G. Greebel of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 28, 2023, which denied plaintiff's motion to quash subpoenas and for a protective order, unanimously affirmed. Appeal from order, same court, Justice, and date, which granted the motion of defendant Janover LLC to compel discovery and directed plaintiff to provide the documents requested or serve a Jackson affidavit, unanimously dismissed, without costs, as moot.
Supreme Court providently denied plaintiff's motion to the extent it sought to quash nonparty subpoenas, as plaintiff failed to show that "the futility of the process to uncover anything legitimate is inevitable or obvious . . . or . . . the information sought is utterly irrelevant to any proper inquiry" (Matter of Kapon v Koch, 23 NY3d 32, 38 [2014] [internal quotation marks omitted]). Indeed, the information sought by Janover from the IRS and the US Attorney's Office is highly relevant to the government's investigation of plaintiff's tax returns from 2006 onwards. Moreover, contrary to plaintiff's argument that Janover can seek documents from online sources and that she had previously disclosed her tax file, CPLR 3101(a)(4), authorizing nonparty disclosure, "imposes no requirement that the subpoenaing party demonstrate that it cannot obtain the requested disclosure from any other source" (id.).
Supreme Court also providently denied plaintiff's motion to the extent it sought a protective order barring Janover from utilizing any disclosure device. Janover served its subpoenas and document requests within the time allowed by a prior court order, which also extended the deadline to file a note of issue. Additionally, each subpoena and document request "sought disclosure which was clearly identified, limited in scope, not burdensome or expensive to produce, and which [was] material and necessary" to the claims and defenses (Capital Sources v Vital Signals, 191 AD2d 193, 194 [1st Dept 1993] [internal quotation marks omitted]; see City of New York v Maul, 118 AD3d 401, 402-403 [1st Dept 2014]). "The words 'material and necessary' must be interpreted liberally to require disclosure, upon request, of any facts bearing upon the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Matter of Kapon, 23 NY3d at 38, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]).
The order granting Janover's motion to compel is moot, as plaintiff provided documents in her possession and proffered the required affidavit as to other documents requested (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Funti v Andrews, 238 AD3d 666, 666 [1st Dept 2025]; Orange County Publs., Div. of Ottaway Newspapers, Inc. v Metropolitan Transp. Auth., 22 AD3d 290, 291 [1st Dept 2005]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026