■ RANDY LaFLEUR, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant, and CAPITAL CITIES/ ABC, INC., Appellant and Third-Party Plaintiff, et al., Third-Party Defendant. [633 NYS2d 496] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 5, 1994, which, *inter alia*, granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, with costs.

Defendant's liability under Labor Law § 240 (1) was established as a matter of law since defendant breached its nondelegable duty to provide adequate safety devices to prevent plaintiff's fall from a ladder upon which he was working (*see, Gordon v Eastern Ry. Supply*, 82 NY2d 555, 561-562). The fact that the ladder was provided by another party does not relieve defendant from liability. The failure to provide adequate safety devices was a substantial cause of plaintiff's fall and resulting injuries which were foreseeable in light of such risk (*see, supra*). That the ladder was knocked over by a cabinet which collapsed when the plaintiff touched it with his hand was not such an extraordinary event as to constitute a superseding cause (*see, supra; Robinson v NAB Constr. Corp.*, 210 AD2d 86; *Quinlan v Eastern Refractories Co.*, 217 AD2d 819). Concur—Rosenberger, J. P., Ellerin, Rubin, Asch and Nardelli, JJ.