■ SANTIAGO MENDOZA, Respondent, v BAYRIDGE PARKWAY ASSOCIATES, LLC, Appellant. [831 NYS2d 485]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 1, 2006, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by Structural Improvements, Inc., a contractor hired by the defendant to remove and replace bricks and stones on the exterior of a building owned by the defendant. While he and a coworker were standing on a scaffold and attempting to remove some large stones from the facade of the building, a stone, secured by a rope, fell and struck the plaintiff in the head. No other equipment was present that could have prevented the stone from falling from above and injuring the plaintiff. He commenced this action against the defendant, alleging causes of action pursuant to Labor Law § 240 (1); § 241 (6); § 200, and to recover damages for common-law negligence.

The Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action. We affirm.

Contrary to the defendant's assertion, the plaintiff was engaged in the type of elevation-related work, as defined by Labor Law § 240 (1), that requires the use of adequate safety devices (see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]). The plaintiff met his burden of demonstrating that

the stone fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute (*see Narducci v Manhasset Bay Assoc., supra* at 268; *Bornschein v Shuman*, 7 AD3d 476, 478 [2004]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 621 [2003]; *Outar v City of New York*, 286 AD2d 671, 672 [2001], *affd* 5 NY3d 731 [2005]). In opposition, the defendant failed to raise an issue of fact by offering evidence that would demonstrate that there was no height differential between the stone and the plaintiff's head. The defendant's contention that there was no height differential, or that the injury was caused by an ordinary construction risk not contemplated by the statute, is unavailing because the plaintiff established that he had to stand below a large stone weighing between 60 to 80 pounds that could not be supported by him, his coworker, and the rope (*see Salinas v Barney Skanska Constr. Co., supra*). Therefore, the court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and denied that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action. Miller, J.P., Schmidt, Ritter and Angiolillo, JJ., concur.