■ ERIC CAPOLINO, Respondent, v JUDLAU CONTRACTING, INC., Appellant. [848 NYS2d 346]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated November 22, 2006, as denied those branches of its motion which were for summary judgment dismissing the plaintiff's Labor Law § 240 (1), Labor Law § 200, and common-law negligence causes of action, and granted that branch of the plaintiff's cross motion which was for summary judgment on the Labor Law § 240 (1) cause of action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the defendant's

motion which were to dismiss the Labor Law § 200 and common-law negligence causes of action, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on the Labor Law §. 240 (1) cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The plaintiff was employed by JB Electric, a subcontractor hired by the defendant to renovate an elevated subway station. The renovation involved installing conduit piping into the underside of the subway platform. While standing on a hydraulic scissor lift 15 to 20 feet above the ground, the plaintiff and a coworker attempted to secure a 60-pound "mogul condulet" onto a conduit pipe. The lift was not extended fully because its guardrails hit against the conduit pipes. Consequently, the plaintiff and his coworker were holding the pipes and the mogul condulet overhead while trying to secure it. One of the mogul condulets fell off of the pipe, prompting the plaintiff to attempt to catch it in midair, injuring his shoulder.

Contrary to the defendant's contention, the plaintiff was engaged in the type of protected activity contemplated by Labor Law § 240 (1) (see Mendoza v Bayridge Parkway Assoc., LLC, 38 AD3d 505, 506 [2007]; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 620 [2003]; Heidelmark v State of New York, 1 AD3d 748 [2003]). The defendant's argument that the height differential was de minimis is unavailing in these circumstances, as the plaintiff was working on heavy material above his head (see Mendoza v Bayridge Parkway Assoc., LLC, 38 AD3d at 507; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 621-622 [2003]). Further, contrary to the defendant's contention, there is no evidence that the plaintiff's standing on a milk crate while on the scissor lift contributed in any way to the incident.

However, the plaintiff did not establish, as a matter of law, that he was not provided with adequate or appropriate safety devices or protection in order to perform the task to which he was assigned. Accordingly, that branch of his cross motion which was for summary judgment on the Labor Law § 240 (1) cause of action should have been denied (see Seepersaud v City of New York, 38 AD3d 753, 754 [2007]; Piontek v Huntington Pub. Lib., 306 AD2d 334, 335 [2003]).

In addition, the Supreme Court erred in denying those branches of the defendant's motion which were to dismiss the Labor Law § 200 and common-law negligence causes of action.

"To be held liable under Labor Law § 200 and for common-law negligence arising from the manner in which work is performed at a work site, a general contractor must have actually exercised supervision or control over the work performed at the site" (*McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]). The defendant fulfilled its prima facie burden of showing that it did not exercise supervision and control over the work. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the fact that one of the defendant's employees inspected the work site each day and was authorized to stop the work in the event that she observed any unsafe condition was insufficient to establish liability (*see McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796 [2007]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566 [2006]; *Warnitz v Liro Group*, 254 AD2d 411 [1998]). Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.