■ JOAQUIN CAMPUZANO et al., Appellants-Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondents-Appellants, et al., Defendant. [863 NYS2d 184]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered on or about March 3, 2008, which, to the extent appealed from, denied plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim and denied the cross motion by defendants-appellants Board of Education of City of New York, New York City School Construction Authority and TDX Construction Corp. for summary judgment dismissing the complaint as against them, unanimously modified, on the law, plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim granted, the cross motion granted to extent of dismissing the common-law negligence and Labor Law §§ 200 and 241 (6) claims, and otherwise affirmed, without costs.

Plaintiff Joaquin Campuzano and a coworker, while performing asbestos abatement work, were removing a heavy duct from a ceiling by cutting it with an acetylene torch. They started this

work on a scaffold, but Campuzano determined it was dangerous to work that way, and decided instead to set up a ladder adjacent to the scaffold. While Campuzano was standing on the ladder and holding the hoses for the torch, a portion of the duct fell, hitting him and the ladder and knocking him to the ground.

Plaintiffs made a prima facie showing that defendants violated Labor Law § 240 (1), i.e., failed to provide Campuzano with an adequate safety device, and that the violation was a proximate cause of the accident. Thus, plaintiffs made a prima facie showing of entitlement to judgment as a matter of law on their Labor Law § 240 (1) claim (*see Kosavick v Tishman Constr. Corp. of N.Y.*, 50 AD3d 287 [2008]; *see also Panek v County of Albany*, 99 NY2d 452, 458 [2003]). In opposition, defendants failed to raise a triable issue of fact regarding whether the ladder was an adequate safety device or Campuzano's own acts or omissions were the sole proximate cause of the accident (*see Kosavick, supra*; *see also Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]). In particular, there is no evidence controverting Campuzano's assertions that the ladder was a safer method of proceeding with the assigned job; that the scaffold was too small for two employees safely to stand on while performing the work; and that Campuzano was never instructed not to use a ladder in addition to the scaffold. Thus, summary judgment should be granted to plaintiffs on their Labor Law § 240 (1) claim.

Because defendants did not exercise supervisory control over Campuzano's work, the common-law negligence and Labor Law § 200 claims must be dismissed (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]). Given the absence of a violation of an implementing regulation setting forth a specific standard of conduct, plaintiffs' Labor Law § 241 (6) claim must also be dismissed (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ.