■ HENDERSON GREAVES, Appellant-Respondent, v OBAYASHI CORPORATION et al., Respondents-Appellants, et al., Defendant. (And a Third-Party Action.) [866 NYS2d 47]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 19, 2007, which, to the extent appealed from, denied the motions by the respective parties to this appeal for summary judgment as to Labor Law § 240 (1) liability, and granted summary judgment to defendants on plaintiff's Labor Law §§ 200 and 241 (6) claims, unanimously modified, on the law, plaintiff granted summary judgment as to liability on his section 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff was standing on a scaffold, while working on a portion of a concrete wall, when the wall collapsed. Concrete blocks fell against the scaffold, knocking it over and causing plaintiff to fall to the ground, where blocks fell on top of him, causing injury. The portion of the wall where plaintiff was working was neither braced nor secured.

The accident clearly fell within the scope of Labor Law § 240 (1), as the evidence shows plaintiff was struck by falling objects that could have been, but were not, adequately secured by one of the devices enumerated in the statute (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513-514 [1991]). His prima facie showing was not rebutted by defendant property owners and general contractor, thus entitling him to summary judgment against them (*Williams v 520 Madison Partnership*,

38 AD3d 464 [2007]; *Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d 404 [2007]; *LaFleur v Consolidated Edison Co. of N.Y.*, 221 AD2d 250 [1995]).

Plaintiff's claim under section 241 (6) may not be premised upon alleged violations of Industrial Code (12 NYCRR) § 23-5.1 (c) and § 23-5.4 (a). The first of these Code sections is insufficiently specific to support a section 241 (6) claim (*see Moutray v Baron*, 244 AD2d 618, 619 [1997], *lv denied* 91 NY2d 808 [1998]), and the second addresses standards for a tubular welded frame scaffold, which plaintiff failed to demonstrate was in use at the time of his injury. None of plaintiff's remaining arguments regarding section 241 (6), nor his claim against the general contractor under Labor Law § 200, were raised in Supreme Court, and are thus unpreserved for appellate review (*see Laboda v VJV Dev. Corp.*, 296 AD2d 441 [2002]; *Charles v City of New York*, 227 AD2d 429, 430 [1996], *lv denied* 88 NY2d 815 [1996]). Were we to review them at this time, we would find them unavailing. Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.