(February 23, 2010)

■ LUKASZ KAMINSKI, Appellant, v 53RD STREET AND MADISON TOWER DEVELOPMENT, LLC, Respondent. [895 NYS2d 76]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 24, 2009, which denied plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6) and granted so much of defendant's cross motion for summary judgment as sought to dismiss the section 240 (1) claim and the section 241 (6) claim based on Industrial Code (12 NYCRR) § 23-3.3 (b) (2) and (h), unanimously modified, on the law, to deny so much of defendant's motion as sought to dismiss the section 241 (6) claim based on 12 NYCRR 23-3.3 (b) (2), and otherwise affirmed, without costs.

Plaintiff was injured at a demolition site when a portion of an exterior wall collapsed onto him as he was clearing debris on the landing of a staircase between the seventh and eighth stories. The floor of the eighth story had been largely removed with only some steel floor beams and a piece of the concrete floor remaining. The accident occurred while a coworker, located about 30 feet from plaintiff on the seventh floor, was using a long torch to cut the floor beams of the eighth floor above him. Plaintiff heard someone yell, "Wall is collapsing, wall is collapsing." A portion of the exterior wall of the building fell down onto him, knocking him down the stairs. Describing what he saw, plaintiff stated that "the wall was going up, and then it went down and collapsed."

The cause of the wall's collapse is not discernable from the record. Plaintiff was not working at an elevation so as to require a protective device enumerated in Labor Law § 240 (1) (*cf. Greaves v Obayashi Corp.*, 55 AD3d 409 [2008], *lv dismissed* 12 NY3d 794 [2009]), and the collapse of a wall is not "the type of elevation-related accident that section 240 (1) is intended to guard against" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 491 [1995]). Plaintiff's contention that the collapse was precipitated by "vibrations caused by the improper demolition of floor beams" is not supported by any evidentiary submission (*see generally Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]), and injury resulting from being struck by an object loosened by vibration is merely a hazard incidental to the workplace (*see generally Narducci v Manhasset Bay Assoc.*, 96 NY2d 259 [2001]).

The record contains insufficient evidence from which to infer that plaintiff's injuries were caused by defendant's alleged violations of either 12 NYCRR 23-3.3 (b) (1), which provides, inter alia, that "all demolition work above each tier of floor beams shall be completed before any demolition work is performed on the supports of such floor beams," or 12 NYCRR 23-3.3 (h), which provides that "[e]very structural member which is being dismembered . . . shall be chained or lashed in place to prevent its uncontrolled swinging or dropping."

However, we find that a factual issue is presented by plaintiff's section 241 (6) claim predicated on a violation of 12 NYCRR 23-3.3 (b) (2), which provides that "[m]asonry shall not be . . . permitted to fall in such masses as to endanger the structural stability of any floor or structural support which such masonry may strike in falling." It is unclear whether the masonry of the eighth-floor wall that fell damaged the floor and staircase, endangering its stability.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 30390(U).]**