■ Scott Coaxum, Respondent, v Metcon Construction, Inc., Defendant, and 200 West 26, LLC, et al., Appellants. (And a Third-Party Action.) [939 NYS2d 415]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered on or about November 9, 2010, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss plaintiff's common-law negligence and Labor Law § 200 claims, and Labor Law § 241 (6) claim, to the extent it is based on a violation of 12 NYCRR 23-1.7 (e) (1), and otherwise affirmed, without costs.

On or about August 12, 2002, plaintiff was working on premises owned by defendant 200 West 26, LLC and leased by defendant Buy Buy Baby, Inc. Plaintiff was responsible for taping sheetrock prior to its being painted. While working, he became involved in a dispute with another worker, who, in the course of the dispute, pushed plaintiff. After being pushed, plaintiff stepped back into an open hole and fell, breaking his leg.

Defendants failed to establish they should be relieved from liability on the ground that the coworker's act in pushing plaintiff was an independent intervening act that was a superseding cause of the accident (see Williams v 520 Madison Partnership, 38 AD3d 464 [2007]).

Turning to the merits of the Labor Law claims, the motion court correctly determined that questions of fact exist concerning the hole plaintiff allegedly fell into. Defendants have not conceded the existence of the hole, and there is, at best, conflicting evidence concerning its size and whether its depth was sufficient to render it a gravity-related hazard within the meaning of Labor Law § 240 (1) (*see e.g. Carpio v Tishman Constr. Corp. of N.Y.*, 240 AD2d 234 [1997]) or a falling hazard as defined by 12 NYCRR 23-1.7 (b) (1), thereby stating a claim for violation of Labor Law § 241 (6) (*see e.g. Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543 [2010]).

The motion court erred, however, in failing to dismiss the common-law negligence and Labor Law § 200 claims as the testimony is clear that these defendants did not supervise or control the plaintiff's work (*Campuzano v Board of Educ. of City of N.Y.*, 54 AD3d 268 [2008]). In addition, the motion court should have dismissed the Labor Law § 241 (6) claim to the extent it was predicated on a violation of section 23-1.7 (e) (1) of the Industrial Code (12 NYCRR). The section refers only to passageways.

The evidence is clear that the area where the accident occurred was a work area, not a passageway (*see e.g. Canning v Barneys N.Y.*, 289 AD2d 32, 34 [2001]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.