■ Rayfus Butler, Appellant-Respondent, v Quest Property Management V. Corp., Defendant, and Cablevision Sys-

TEMS CORP., Respondent-Appellant. [943 NYS2d 887]—Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered August 5, 2011, which, inter alia, denied plaintiff's motion for partial summary judgment on the issue of defendant Cablevision Systems Corp.'s Labor Law § 240 (1) liability, denied Cablevision's cross motion for dismissal of plaintiff's section 240 (1) claim, and granted Cablevision's cross motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) and § 200 claims and common-law negligence claims, unanimously modified, on the law, to grant Cablevision's cross motion for summary judgment dismissing plaintiff's section 240 (1) claim, and otherwise affirmed, without costs.

Labor Law § 240 (1) does not apply here as plaintiff was not engaged in any alteration of the building at the time of the occurrence. The argument that his inspection might have led to additional work is mere speculation.

The motion court properly dismissed the Labor Law § 241 (6) and § 200 and common-law negligence claims. There is no evidence that plaintiff was engaged in construction, excavation or demolition work that would bring his work within the ambit of section 241 (6). With regard to the section 200 and common-law negligence claims, there is also no evidence that Cablevision exercised supervision or control over the work performed at the premises (*Campuzano v Board of Educ. of City of N.Y.*, 54 AD3d 268 [2008]). Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.