12-3208-cv
Steinman v. Morton Int'l, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
JOHN M. WALKER, JR.,
DENNY CHIN,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

MICHAEL S. STEINMAN,

Plaintiff-Appellant,

-v-                                          12-3208-cv

MORTON INTERNATIONAL, INCORPORATED, FKA
Morton Salt Company, FKA New Morton
International, Incorporated, MORTON SALT
COMPANY, a division of Morton
International, Incorporated, NEW MORTON
INTERNATIONAL, INCORPORATED, ROHM AND
HAAS COMPANY, INCORPORATED,

Defendants-Third-Party-
Plaintiffs-Appellees,

MERZ METAL & MACHINE CORPORATION,

> Third-Party-Defendant-
> Appellee.

- - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     MICHAEL G. COOPER, Law Office of
                             Michael G. Cooper, Hamburg, New
                             York.

FOR MORTON INTERNATIONAL,    SCOTT R. HAPEMAN, Personius &
INCORPORATED, ET AL.:        Melber LLP, Buffalo, New York.

FOR MERZ METAL & MACHINE     JENNIFER A. EHMAN (Michael F.
CORPORATION:                 Perley, on the brief), Hurwitz &
                             Fine P.C., Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (Curtin, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** to the extent it dismissed plaintiff-appellant Michael Steinman's claim under § 240(1) of the New York Labor Law ("NYLL"), and we **REMAND** for further proceedings.

Steinman appeals from an interlocutory order of the United States District Court for the Western District of New York (Curtin, J.), entered November 19, 2010, granting in part defendants' motion for summary judgment, denying Steinman's cross-motion for summary judgment, and dismissing his claim pursuant to NYLL § 240(1). Steinman brought this action to recover for injuries he sustained while performing demolition

2

work for his employer, third-party-defendant-appellee Merz Metal & Machine Corp. ("Merz Metal"), at a salt mining facility owned and operated by defendants-third-party-plaintiffs-appellees Morton International, Inc. and related entities (collectively, "Morton"). On appeal, Steinman challenges the district court's order, which held, inter alia, that his injuries did not involve the type of elevation-related hazard covered by NYLL § 240(1). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have jurisdiction to review the district court's interlocutory order pursuant to 28 U.S.C. § 1292(b).[1] "We review de novo the district court's grant of summary judgment." SEC v. Obus, 693 F.3d 276, 284 (2d Cir. 2012).

NYLL § 240(1), commonly known as the "scaffold law," imposes strict liability on contractors and building owners for failure to provide adequate protection to workers from certain

---

[1] By order entered June 13, 2012, the district court certified its November 19, 2010 order for interlocutory appeal, only with respect to the NYLL § 240(1) claim, on the basis that the claim involves a controlling question of law as to which there is a substantial ground for difference of opinion. We granted leave to appeal.

elevation-related hazards.[2]  See Ross v. Curtis-Palmer Hydro-Elec. Co., 81 N.Y.2d 494, 499-500 (1993).  To establish liability under the statute, a plaintiff must show:  (1) the existence of an elevation-related hazard of the type encompassed by the statute, and (2) an injury proximately caused by the absence of proper protection from the hazard.  See Wilinski v. 334 E. 92nd Hous. Dev. Fund Corp., 18 N.Y.3d 1, 7 (2011).

As discussed below, the district court held that defendants were entitled to summary judgment because Steinman was injured by an object that fell from the same level at which he was working.  In Wilinski, which was decided after the district court ruled below, the New York Court of Appeals recognized that its jurisprudence had "evolved over the last two decades" with respect to the scope of NYLL § 240(1).  Id.  The Court of Appeals noted that "[s]ome New York courts have interpreted our decision

_____

[2]    NYLL § 240(1) provides in relevant part:

All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

4

in Misseritti v. Mark IV Constr. Co. (86 NY2d 487 [1995]) to preclude recovery under Labor Law § 240(1) where a worker sustains an injury caused by a falling object whose base stands at the same level as the worker.  We reject that interpretation . . . ."  Id. at 4-5.  The Wilinski Court held that such a "same-level" rule was inconsistent with the rule pronounced in the Court's more recent decisions.  See id. at 9-10.

The Court of Appeals clarified that "'the single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential.'"  Id. at 10 (emphasis omitted) (quoting Runner v. N.Y. Stock Exch., Inc., 13 N.Y.3d 599, 603 (2009)).  The Court of Appeals thus held that an elevation differential of four feet or of four steps on a stairway could be physically significant, depending on the weight of the falling object and the amount of force it was capable of generating in even a relatively short descent.  See id. (elevation differential of four feet could be physically significant); Runner, 13 N.Y.3d at 605 (elevation differential of four steps on a stairway could be physically significant).

We apply the law as it exists at the time of appeal. See, e.g., Parker v. Time Warner Entm't Co., 331 F.3d 13, 20 (2d

5

Cir. 2003).  In light of Wilinski, we conclude that the district court erred in granting summary judgment to defendants.

First, in its summary judgment decision, the district court relied heavily on Misseritti and similar decisions.  The district court held that NYLL § 240(1) does not apply where the injuries are caused "by an object falling from the same elevation level at which the work was being performed."  Steinman v. Morton Int'l, Inc., 756 F. Supp. 2d 314, 321 (W.D.N.Y. 2010).  Citing Misseritti, the district court noted that the case law provided that injuries caused by "the collapse or disintegration of a wall or similar structure during demolition or construction activities" were not covered by NYLL § 240(1) if the wall was at the same level as where the plaintiff was working.  Id.

Wilinski clarified the law, rejecting the "same level" rule and holding that the key inquiry is whether there is "a risk arising from a physically significant elevation differential." 18 N.Y.3d at 10 (emphasis omitted) (quoting Runner, 13 N.Y.3d at 603).  Thus, NYLL § 240(1) can apply even "where the plaintiff and the base of the object [that fell] stood on the same level." Id. at 8.  To the extent that the district court interpreted the case law as holding otherwise, it erred.

Second, we hold that issues of fact exist as to whether there was a physically significant elevation differential here.

6

Steinman presented evidence to support a finding that the structure at issue "fell from a height of somewhere between two and eight feet above the level of the plywood platform where [he] was positioned." Steinman, 756 F. Supp. 2d at 322. A jury could reasonably conclude that the two-to-eight-foot distance over which the portion of the end cap fell was physically significant, given that it weighed 2000 pounds and generated enough force to break through the platform on which Steinman was standing. See Wilinski, 18 N.Y.3d at 10 (elevation differential of four feet could be physically significant given amount of force pipes were capable of generating); Runner, 13 N.Y.3d at 605 (elevation differential of four steps on stairway could be physically significant given object weighed 800 pounds and was capable of generating great force in its descent).

Moreover, the district court's holding that the "height" here was irrelevant because the material that fell was an integrated part of one brick wall on the same level as the work site is wrong in light of Wilinski; it is the height differential between the falling object and the plaintiff that matters, not whether the falling object was part of a larger wall situated at the same level as the plaintiff. See Wilinski, 18 N.Y.3d at 9; see also, e.g., Greaves v. Obayashi Corp., 866 N.Y.S.2d 47 (1st Dep't 2008) (injury was within scope of § 240(1)

7

where part of concrete wall fell on plaintiff while he stood on scaffold and worked on another part of the wall); Mendoza v. Bayridge Parkway Assocs., LLC, 831 N.Y.S.2d 485 (2d Dep't 2007) (injury was within scope of § 240(1) where stone forming part of wall fell on plaintiff while he stood on scaffold and worked on the wall).

Although Steinman asks this Court to order that summary judgment be entered in his favor, the record does not warrant that relief. Assuming that there was a physically significant elevation differential, issues of fact exist as to whether Steinman's injuries were proximately caused by the absence of proper protection. See Wilinski, 18 N.Y.3d at 11 (summary judgment for the plaintiff is not proper unless plaintiff demonstrates that protective devices could have prevented the accident, or if defendant demonstrates that no protective devices were necessary). On remand, the district court shall consider whether a jury could reasonably find that adequate protective devices contemplated by the statute could have been implemented such that the accident could have been prevented.

We have considered all of the parties' contentions in support of their respective requests for summary judgment in their favor and conclude they are without merit. Accordingly,

8

the district court's order is **VACATED** to the extent it dismissed the NYLL § 240(1) claim, and we **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk