JOSEPH PURCELL et al., Appellants, v VISITING NURSES FOUNDATION INC. et al., Respondents/Third Party Plaintiffs-Respondents. NORTHEASTERN FABRICATORS, INC., Third-Party Defendant-Appellant, et al., Third-Party Defendants. [8 NYS3d 279]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered September 10, 2013, which, insofar as appealed from as limited by the briefs, denied plaintiffs' cross motion for partial summary judgment on the Labor Law § 240 (1) claim

as against defendant Cauldwell-Wingate, Inc. (Cauldwell), granted Cauldwell's cross motion for summary judgment dismissing the Labor Law § 240 (1) claim as against it insofar as based on a "falling object" theory, and denied the cross motion of third-party defendant Northeastern Fabricators, Inc. (NEF) for summary judgment dismissing defendants' common-law indemnification and contribution claims against it, unanimously reversed, on the law, without costs, defendant Cauldwell's cross motion for summary judgment dismissing the Labor Law § 240 (1) claim as against it denied, plaintiffs' cross motion for partial summary judgment on the Labor Law § 240 (1) claim as against Cauldwell granted, and NEF's cross motion for summary judgment dismissing defendants' common-law indemnification and contribution claims against it granted.

The undisputed testimony of the two eyewitnesses established that while plaintiff was working on a gut renovation of a building, he performed his assigned task of standing on the third step of a ladder in the basement and gently pulling one end of an approximately 8- or 10-foot-long piece of steel called a C-channel (channel), which was positioned about 11 feet above the floor and had been mostly cut loose from the first floor framing, about one or two inches away from the eastern wall. At that moment, an unsecured terra-cotta wall adjacent to the structural wall on the first floor, which had been resting on the C-channel and a concrete slab east of the channel, collapsed, knocking plaintiff and the ladder onto the floor. Plaintiff's foreman inferred that plaintiff's movement of the channel caused the unsecured concrete slab, which had been positioned about half of an inch to the east of the C-channel, to roll out from underneath the terra-cotta wall, causing the wall to fall.

Given that plaintiff's foreman had leaned the A-frame ladder against a wall in the closed position to allow plaintiff to reach the channel, the ladder was not "so . . . placed . . . as to give proper protection to" plaintiff (Labor Law § 240 [1]; *see Campuzano v Board of Educ. of City of N.Y.*, 54 AD3d 268 [1st Dept 2008]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [1st Dept 2004]). Moreover, plaintiff established that his injuries were also caused by the lack of any safety devices to secure the terra-cotta wall (*see Greaves v Obayashi Corp.*, 55 AD3d 409 [1st Dept 2008], *lv dismissed* 12 NY3d 794 [2009]).

Defendants failed to raise a triable issue of fact as to whether adequate safety devices were provided, or whether the lack or failure of safety devices proximately caused plaintiff's injuries (*see Panek v County of Albany*, 99 NY2d 452, 458 [2003];

*Campuzano*, 54 AD3d at 269). The foreman opined that the concrete slab should have been connected to the wall by installing rebar into the wall and pouring concrete over the rebar, and others indicated that various shoring methods could have been used to secure the terra-cotta wall to the structural wall to prevent it from falling.

*Misseritti v Mark IV Constr. Co.* (86 NY2d 487 [1995]) is distinguishable. The decedent in *Misseritti* was sweeping the floor when he was fatally struck by a completed wall, which presented only the ordinary hazards of working on a construction site (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 8-9 [2011]). Here, by contrast, plaintiff's work raised an extraordinary, elevation-related risk beyond that which workers are routinely exposed to on construction sites, and the terra-cotta wall "was an object that required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]; *cf. Kaminski v 53rd St. & Madison Tower Dev., LLC*, 70 AD3d 530 [1st Dept 2010] [Labor Law § 240 (1) claim properly dismissed where plaintiff, not working at an elevation, was injured by a wall collapse of undetermined cause]).

The court should have granted third-party defendant NEF's motion for summary judgment dismissing defendants' claim seeking common-law indemnification and contribution from it. NEF met its initial burden to establish that plaintiff did not sustain a grave injury within the meaning of Workers' Compensation Law § 11, by submitting the report of a neurologist who examined plaintiff and concluded that he did not suffer from any brain injury rendering him "no longer employable in any capacity" (*Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 413 [2004]). Defendants failed to raise an issue of fact as to whether plaintiff's brain injury constituted a grave injury. The evidence that plaintiff suffered from certain brain conditions, including headaches and post-concussion syndrome, did not satisfy the standard for a grave injury (*see Aramburu v Midtown W. B, LLC*, 126 AD3d 498 [1st Dept 2015]; *Anton v West Manor Constr. Corp.*, 100 AD3d 523, 524 [1st Dept 2012]). Concur— Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ.