Alulema v ZEV Elec. Corp. (2019 NY Slip Op 00200)





Alulema v ZEV Elec. Corp.


2019 NY Slip Op 00200


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Friedman, J.P., Gische, Oing, Singh, Moulton, JJ.


8051 23539/13E

[*1]Carlos Alulema, Plaintiff,
v
ZEV Electrical Corp., et al., Defendants.
ZEV Electrical Corp., et al., Third-Party Plaintiffs-Respondents,
v
Nationwide Maintenance & General Contracting Inc., et al., Third-Party Defendants-Appellants.


Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for appellants.
Hardin Kundla McKeon & Poletto, P.A., New York (Joseph A. DiPisa of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 20, 2017, which denied third-party defendants' motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs, and summary judgment granted in favor of third-party defendants. The Clerk is directed to enter judgment accordingly.
"An employer's liability for an on-the-job injury is generally limited to workers' compensation benefits, but when an employee suffers a grave injury' the employer also may be liable to third parties for indemnification or contribution" (Rubeis v Aqua Club, Inc., 3 NY3d 408, 412-413 [2004]). Under Workers' Compensation Law § 11, the definition of "grave injury" includes "an acquired injury to the brain caused by an external physical force resulting in permanent total disability," meaning, the injured worker is no longer employable "in any capacity" (Rubeis at 417).
Plaintiff's treating neurologist's records were dated through December 13, 2013, which was almost four years prior to plaintiff's evaluation by defendants' neuropsychologist, who concluded that plaintiff's testing failed to substantiate his claims of cognitive and emotional symptoms emanating from his accident. Although plaintiff continued to treat with Dr. Brown, he admitted that he only went for cognitive therapy once a month, and saw "Maria," not Dr. Brown. More importantly, plaintiff testified that he was looking for jobs and that he had obtained his GED. Plaintiff is able to drive his vehicle. On this record, there is no proof through competent medical testimony that plaintiff sustained an acquired injury to the brain caused by an external physical force that effected his ability to be employed in any capacity.
This Court has found that the evidence that a plaintiff suffered from certain brain conditions, such as depression and post-concussion syndrome, does not constitute grave injury absent
proof that the individual was rendered unemployable in any capacity (see Purcell v Visiting [*2]Nurses Found. Inc., 127 AD3d 572, 574 [1st Dept 2015]; Aramburu v Midtown W. B, LLC, 126 AD3d 498, 501 [1st Dept 2015]; Anton v West Manor Constr. Corp., 100 AD3d 523, 524 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK