Gallegos v Bridge Land Vestry, LLC (2020 NY Slip Op 06854)





Gallegos v Bridge Land Vestry, LLC


2020 NY Slip Op 06854


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 29392/18E Appeal No. 12423 Case No. 2020-01444 

[*1]Joaquin Gallegos, Plaintiff-Appellant,
v
Bridge Land Vestry, LLC, et al., Defendants-Respondents, BWK Contracting Corp., et al., Defendants.


Heitz Legal, P.C., New York (Dana E. Heitz of counsel), for appellant.
Wood, Smith, Henning, & Berman LLP, New York (Bolam Kim of counsel), for respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 12, 2019, which denied plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim against defendants Bridge Land Vestry, LLC and Related Construction, LLC, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff commenced this action alleging, inter alia, violation of Labor Law § 240(1) seeking to recover for personal injuries he allegedly sustained when a stone slab weighing more than half a ton that was being raised by a chain hoist or remote-controlled crane came loose from [*2]the sling or straps securing it and fell on his legs. Labor Law § 240(1) imposes on owners, general contractors, and their agents a nondelegable duty to provide safety devices to protect against elevation-related hazards inherent in construction, and they will be absolutely liable for any violation that proximately causes injury regardless whether they supervised or controlled the work (Ragubir v Gibraltar Mgt. Co., Inc., 146 AD3d 563, 564 [1st Dept 2017]). The statute is violated when an object that is improperly hoisted or inadequately secured falls (Naughton v City of New York, 94 AD3d 1, 8 [1st Dept 2012]; Cammon v City of New York, 21 AD3d 196, 200 [1st Dept 2005]).
Because the sling proved inadequate to secure the slab against falling, the statute was violated (see Brown v VJB Constr. Corp., 50 AD3d 373, 377 [1st Dept 2008]). Defendants' contention that because the hoist and slings had sufficient load capacity to hoist the slab and were not broken or defective, plaintiff was required to demonstrate how the slab became unsecured, is unavailing. Either the sling itself or the manner in which it was used to secure the slab was inadequate and failed to provide proper protection, and plaintiff was not required to demonstrate how or why it failed to support the slab (see Harris v City of New York, 83 AD3d 104, 110 [1st Dept 2011]).
Any failure by plaintiff to properly secure the slab with the straps would at most be comparative negligence which is not a defense to Labor Law § 240(1) (Ernish v City of New York, 2 AD3d 256, 257 [1st Dept 2003]). Furthermore, any failure by his coworker to properly secure the slab with the straps was not so extraordinary or removed from defendants' duty to provide an adequate safety device so as to constitute a superseding, intervening event breaking the chain of causation (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315-316 [1980]; Coaxum v Metcon Constr. Inc., 93 AD3d 403, 403 [1st Dept 2012]. Accordingly, under any of the conflicting versions regarding who secured the sling to the slab, plaintiff was entitled to summary judgment, and further discovery was not required to resolve any material factual issues.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020