Moises-Ortiz v FDB Acquisition LLC (2022 NY Slip Op 03799)

Moises-Ortiz v FDB Acquisition LLC

2022 NY Slip Op 03799

Decided on June 09, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 09, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 152869/17 Appeal No. 16110 Case No. 2022-00461 

[*1]Jose Moises-Ortiz et al., Plaintiffs,
v
FDB Acquisition LLC et al., Defendants-Respondents, SAAB Management, Inc., Defendant.
FDB Acquisition LLC et al., Third-Party Plaintiffs-Respondents,
v
RNC Industries, LLC, Third-Party Defendant-Respondent.
FDB Acquisition LLC et al., Second Third-Party Plaintiffs-Respondents,
v
RA Consultants, LLC, Second Third-Party Defendant. Arch Insurance Group, Inc., Nonparty/Intervenor-Appellant.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Jamie Packer of counsel), for appellant.
Segal McCambridge Singer & Mahoney, Ltd., New York (Dinesh U. Dadlani of counsel), for FDB Acquisition LLC and PAV-LAK Contracting, Inc., respondents.
Perry, Van Etten, Rozanski & Kutner, LLP, New York (Kenneth J. Kutner of counsel), for RNC Industries, LLC, respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about September 24, 2021, which, to the extent appealed from, denied nonparty intervenor Arch Insurance Group, Inc.'s motion for summary judgment dismissing the common-law indemnification and contribution claims asserted against its insured, third-party defendant RNC Industries, LLC, unanimously reversed, on the law, without costs, and the motion granted.
Arch, the insurer of plaintiff's employer, RNC, made a prima facie showing that plaintiff did not sustain a grave injury under Workers' Compensation Law § 11 (see Galindo v Dorchester Tower Condominium, 56 AD3d 285, 286 [1st Dept 2008]). Arch submitted a neuropsychologist's medical report, which found that plaintiff exaggerated his cognitive and psychological symptoms and could return to work on a full-time basis (see Rubeis v Aqua Club, Inc., 3 NY3d 408, 417 [2004]; Purcell v Visiting Nurses Found. Inc., 127 AD3d 572, 574 [1st Dept 2015]). Defendants failed to raise an issue of fact, as "evidence that plaintiff suffered from brain conditions, including headaches and post-concussion syndrome, [does] not satisfy the standard for grave injury" (Purcell, 127 AD3d at 574; see Aramburu v Midtown W. B, LLC, 126 AD3d 498, 501 [1st Dept 2015]). Moreover, plaintiff's medical providers noted only that he had a "temporary" total disability (see Clarke v Empire General Contracting & Painting Corp., 189 AD3d 611, 612-613 [1st Dept 2020]).
In addition, Arch's motion was not premature, particularly in light of a status conference order showing that the only remaining discovery pertained to the production of witnesses who were employed by defendant Pav-Lak Contracting, Inc. and nonparty RA Consultants, LLC. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2022