| Galvan v City of New York |
|:---:|
| 2024 NY Slip Op 34336(U) |
| December 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150049/2020 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. LYLE E. FRANK** | PART 11M |
| | *Justice* | |

-----------------------------------------------------------------------------X

MIGUEL GALVAN,

                              Plaintiff,

                            - v -

THE CITY OF NEW YORK, METROPOLITAN
TRANSPORTATION AUTHORITY, ERY TENANT LLC,ERY
RETAIL PODIUM, LLC,HUDSON YARDS
CONSTRUCTION, LLC,TISHMAN CONSTRUCTION
CORPORATION, RELATED CONSTRUCTION, LLC,

                              Defendant.

-----------------------------------------------------------------------------X

ERY TENANT LLC, ERY RETAIL PODIUM, LLC, HUDSON
YARDS CONSTRUCTION, LLC, TISHMAN CONSTRUCTION
CORPORATION

                              Plaintiff,

                         -against-

ZWICKER ELECTRIC CO., INC.

                              Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150049/2020 |
| MOTION DATE | 05/16/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595693/2021

The following e-filed documents, listed by NYSCEF document number (Motion 002) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144

were read on this motion to/for            SUMMARY JUDGMENT(AFTER JOINDER    .

       Upon the foregoing documents, plaintiff's motion is granted in part and denied in part

and third-party defendant's cross-motion is denied as to dismissal, but discovery is ordered.

## Background

       Miguel Galvan ("Plaintiff"), a union electrician and an employee of third-party defendant

Zwicker Electric Co. Inc. ("Zwicker"), performed work in 2019 at a construction site in Hudson

**150049/2020 GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No. 002**

**Page 1 of 10**

1 of 10

Yards. Ery Retail Podium, LLC ("Ery Retail") contracted for the development work at this site and was the owner of the land and building structure at issue. Hudson Yards Construction, LLC ("Hudson Yards") was the executive construction manager for the Project in question and Tishman Construction Corporation ("Tishman") was hired as the general contractor. It is disputed whether Tishman was the assigned general contractor at the time in question.

In January of 2019, Plaintiff was working in an open space on the third floor that was heavily cluttered, including a stack of large pipes laying lengthwise on the ground and one that was propped up against a wall, unsecured. Plaintiff was operating a scissor lift, and there is dispute as to whether he bumped against the stack of pipes on the ground or the pipe leaning up against the wall. What is not disputed is that the upright pole fell on Plaintiff, causing the tip of his pointer finger to be severed and severe injuries to his back, left arm, and hand.

Plaintiff filed suit in January of 2020, alleging five causes of action against Ery Retail, Hudson Yards, Tishman, and Ery Tenant, LLC ("Ery Tenant"). There has been some discovery to date, but discovery is not complete. In 2021, Ery Tenant, Ery Retail, Hudson Yards, and Tishman (collectively, "Third-Party Plaintiffs") filed a third-party action impleading Zwicker as a third-party defendant.

**Standard of Review**

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a

**150049/2020   GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No.  002**

**Page 2 of 10**

2 of 10

trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

Plaintiff has moved for summary judgment as to liability on their Labor Law §§ 240(1) and 241(6) claims as against Third-Party Plaintiffs and Zwicker (collectively, "Defendants"), as well as dismissing the affirmative defenses of comparative fault. Zwicker has cross-moved for an order dismissing Plaintiff's Labor Law § 241(6) claim and severing the third-party action against them and dismissing it, on the grounds that Tishman allegedly engaged in spoliation of evidence.

For the reasons that follow, Plaintiff's motion for summary judgment is granted as to their § 240(1) claim against Ery Tenant, Ery Retail, Hudson Yards, and Zwicker but denied as to Tishman. Plaintiff's § 241(6) claim is denied. Plaintiff's motion to dismiss the affirmative defenses of negligence is denied. Defendant's motion to sever and dismiss the third-party action is denied, but further discovery is ordered.

### Plaintiff's Motion for Summary Judgment on Their Labor Law § 240(1) Claim

Plaintiff alleges that the pipe that fell on him constitutes a prima facie violation of Labor Law § 240(1), and therefore he is entitled to summary judgment on this claim. Zwicker argues that there are issues of fact that preclude summary judgment on this claim, and Third-Party Plaintiffs oppose on the grounds that Plaintiff was the "sole proximate cause" of his accident and that the pipe in question did not constitute a hazard as contemplated by Labor Law § 240(1).

*Strict Liability under Labor Law § 240(1)*

Labor Law § 240(1) provides in the relevant part that "[a]ll contractors and owners" must "furnish or erect" such relevant "devices […] as to give proper protection" to persons employed

**150049/2020   GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No.  002**

Page 3 of 10

3 of 10

in certain enumerated duties. This statute is meant to be construed liberally in order to achieve the purpose of protecting workers. *Zimmer v. Chemung County Performing Arts, Inc.*, 65 N.Y.2d 513, 520-21 (1985). Absolute liability under § 240(1) applies to "contractors and owners at a work site" as well as a "lessee, where the lessee had the right or authority to control the work." *Bart v. Universal Pictures*, 277 A.D.2d 4, 5 (2000); *see also Nazario v. 222 Broadway, LLC*, 135 A.D.3d 506, 506 (1st Dept. 2016) (confirming holding that "owners and contractors not actually involved in construction can be held liable, regardless of whether they exercise supervision or control over the work" and this duty cannot be delegated). A worker's contributory negligence is not a defense to liability under Labor Law § 240. *Zimmer*, at 521. Only where the "plaintiff's own actions are the sole proximate cause of the accident" can there be no liability. *Barreto v. Metropolitan Transp. Auth.*, 25 N.Y.3d 426, 433 (2015).

*The Present Case Fits the Definition of the § 240 Falling Objects Cases*

A claim under § 240(1) requires that there have been "a significant, inherent risk attributable to an elevation differential." *Buckley v. Columbia Grammar & Preparatory*, 44 A.D.3d 263, 267 (1st Dept. 2007). One subset of § 240(1) cases are the so-called 'falling object' cases, wherein a plaintiff is injured after being "struck by falling objects that could have been, but were not, adequately secured by one of the devices enumerated in the statute." *Greaves v. Obayashi Corp.*, 55 A.D.3d 409, 409 (1st Dept. 2008). The "relevant inquiry [is] whether the harm flows directly from the application of the force of gravity to the object." *Runner v. New York Stock Exch., Inc.*, 13 N.Y.3d 599, 604 (2009). Here, it is not disputed that Plaintiff was injured by a falling, unsecured pipe. Clearly, the injuries resulted because of the work of gravity on a large unsecured pipe, causing it to cease being upright rather quickly.

**150049/2020   GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No.  002**

**Page 4 of 10**

[* 4]

4 of 10

Third-Party Defendants argue that because the pipe was not actively being used at the time of the accident, it was not a hazard of the workplace as contemplated under § 240(1). But the language of the statute, and the focus of the discussion as directed by the Court of Appeals in the cases laid out above, is clearly concerned with the damage done as a result of the lack of adequate safety devices. It is not disputed that there was no safety device used when the pipe was being stored in a clearly unsafe condition. Therefore, the present case clearly fits the contours of a § 240(1) falling object case.

*Plaintiff Was Not the Sole Proximate Cause*

Third-Party Defendants argue that Plaintiff is the sole proximate cause of his harm and point to conflicting testimony as to whether Plaintiff believed that the wheel of the scissor lift made contact with the bundled pipes on the ground (knocking them into the unsecured pipe) or the unsecured pipe itself. While Plaintiff may have been *a* proximate cause, he cannot be said to be the *sole* proximate cause of the accident. Both Mr. Leitner (a Tishman employee) and Mr. Alacha (a nonparty's employee) stated during deposition that it is not proper to store these pipes upright against a wall and that they are considered unsecured in that position. In *Barreto*, the Court of Appeals held that even when a worker did not recover an open manhole, despite being required to do so by a supervisor, he was not the sole proximate cause of his injuries after falling into the manhole. *Barreto*, at 431 – 33. This is because the "absence of adequate safety device" was one of the proximate causes of the accident. *Id.*, at 433. Here, whether or not the wheels of the scissor lift that Plaintiff was driving hit the bundled pipes or the upright pipe, he has established liability under § 240(1). The dangerous condition caused by the upright pipe lacking an adequate safety device was clearly one of the proximate causes of the accident.

**150049/2020   GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No.  002**

**Page 5 of 10**

*Plaintiff Has Met Their Burden for Summary Judgment Liability under § 240(1) as to All Defendants Except Tishman*

Having established that there is clearly strict liability for the accident under § 240(1), the issue then becomes *who* bears the liability. As addressed above, the owner and the general contractor have strict liability. Third-Party Defendants argue that relevant to the question of who bears liability is what stage of construction the project was in. They argue that instead of being in the "core and shell" stage (when the main portion of the construction occurred), the accident took place during the "fit-out" stage (when the premises may have been turned over to the tenants and Hudson Yards was not involved in the project), or that at the least there are questions of fact on this issue. Plaintiffs point to some evidence in the record that there was still "core and shell" activity occurring at the time of the accident, as well as the fact that Third-Party Defendants have not produced documentation of "what punch list work was going on when." They argue that Third-Party Defendants should not be able to argue that there is a "question as to whether they were the general contractor at the time, when they are in the sole position to produce proof of same but have failed to do so."

Because this is a motion for summary judgment, Plaintiff must establish that there are no triable issues of fact as relating to who had liability for the accident. As owners, Eyr Retail and Eyr Tenant clearly have strict liability. Whether or not Hudson Yards and Tishman have liability turns on whether they were the assigned general contractors for the site at the time of the accident or whether they had "supervisory control and authority over the work being done" where the Plaintiff was injured. *Sanders v. Sanders-Morrow*, 177 A.D.3d 920, 922 (2nd Dept. 2019). Hudson Yards had the title of "Executive Construction Manager" at this time, and Tishman argues that there are disputed issues of fact as to whether they were in control of the site

**150049/2020   GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No.  002**

**Page 6 of 10**

[* 6]

or were merely finishing up punch list work. It appears clear that all Defendants save Tishman were either an owner, a general contractor, or had supervisory control and authority over the work being done. Summary judgment as to these defendants' liability is proper at this stage. But there are disputed issues of fact over Tishman's role and position at the time of the accident, and here Plaintiff has failed to meet their burden on summary judgment. While Plaintiff might very well succeed in showing that Tishman has liability under § 240(1), at this stage there are still triable issues of fact.

### Plaintiff's Motion for Summary Judgment on Their Labor Law § 241(6) Claim

Labor Law § 241(6) imposes a non-delegable duty on owners and contractors to "provide reasonable and adequate protection and safety" and to "comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor." *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 501 (1993). A plaintiff may be entitled to partial summary judgment as to liability when showing that there has been a "violation by defendant of an Industrial Code rule or regulation mandating compliance with a specific, positive command" even if the plaintiff was themselves negligent. *Keegan v. Swissotel N.Y., Inc.*, 262 A.D.2d 111, 113-14 (1st Dept. 1999). Plaintiff has moved for such a partial summary judgment as against all defendants on their § 241(6) claim. For their § 241(6) basis, Plaintiff argues that there was a violation of Industrial Code 12 N.Y.C.R.R. 23-2.1(a)(1), which requires that "[a]ll building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare."

Zwicker argues that the claim must be dismissed as the accident did not take place within a passageway that is normally exposed to falling objects. Third-Party Defendants likewise argue

**150049/2020  GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No.  002**

**Page 7 of 10**

that there has been no violation of the Industrial Code. They say that Plaintiff "himself created the path he was utilizing [and] plaintiff's own material statement of facts state it was an 'open space' and therefore there is at least a question of fact. Failure to "eliminate all triable issues of fact as to whether the accident occurred in a 'passageway, walkway, stairway or other thoroughfare'" is grounds for denying a summary judgment motion for § 241(6) claims predicated on this section of the Industrial Code. *Shewprasad v. KSK Constr. Group, LLC*, 2024 N.Y.App.Div.LEXIS 5029, *3 (2nd Dept. 2024). The First Department has held that "[a]s the Industrial Code does not provide a formal definition of 'passageway', the practical function of the area where [plaintiff was injured] is a question to be addressed by the trier of fact." *Prevost v. One City Block, LLC*, 155 A.D.3d 531, 535 (1st Dept. 2017). Therefore, summary judgment as to liability on this claim would be premature.

### Plaintiff's Motion to Dismiss the Affirmative Defenses of Comparative Fault

Plaintiffs have moved to dismiss the "affirmative defenses of comparative fault." Third-Party Plaintiffs have opposed but have largely only briefed the issue of comparative fault as regarding liability. As discussed above, the case law is clear that comparative negligence does not negate liability under Labor Law § 240. But when there are issues of fact regarding comparative negligence on a § 240 claim, dismissal of such an affirmative defense is improper because it could impact a damages award. *Gamez v. Sandy Clarkson LLC*, 221 A.D.3d 453, 455 (1st Dept. 2023). Therefore, the motion to dismiss the comparative fault affirmative defenses is denied.

### Third-Party Defendant's Cross-Motion for Severance and Dismissal

Defendant has moved for an Order severing and dismissing the third-party action with prejudice due to Tishman's alleged spoliation and for refusal to provide discovery.

**150049/2020   GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No.  002**

**Page 8 of 10**

8 of 10

*Zwicker's Motion is Denied as to Dismissal, But Discovery is Ordered*

The Court, in reviewing the record, has not found such bad faith behavior on the part of defendant/third party plaintiff that dismissal is warranted in this matter. However, this Court will reserve for the time of trial Zwicker's ability to bring any motions for adverse inference or other such instructions or other action by the trial judge.

In addition, oral argument identified 2 people from Tishman who might have information relevant to this matter. Moreover, this Court does agree that a further *Jackson* affidavit if warranted, that would discuss the specific searches done to find the documents Zwicker demanded, who was spoken to, whet their positions are, and a possible explanation of why such records do not exist and/or did exist but are no longer available.

The Court has considered the parties' other arguments and found them unavailing. Accordingly, it is hereby

ADJUDGED that the plaintiff's motion for partial summary judgment as to liability on the third cause of action is granted as to defendants Ery Tenant LLC, Ery Retail Podium, LLC, Hudson Yards Construction, LLC and Zwicker Electric Co., Inc.; and it is further

ADJUDGED that the plaintiff's motion for partial summary judgment as to the fourth cause of action is denied; and it is further

ADJUDGED that the plaintiff's motion to dismiss the affirmative defenses of comparative fault is denied; and it is further

ORDERED that not more than 60 days from the date of service of this Order with notice of entry, defendants Ery Tenant LLC, Ery Retail Podium, LLC, and Hudson Yards Construction, LLC shall produce a witness for deposition; and it is further

**150049/2020   GALVAN, MIGUEL vs. ERY TENANT LLC**
**Motion No.  002**

**Page 9 of 10**

[* 9]

ORDERED that Tishman Construction Corporation shall produce Catherine Pirraglia and Anthony Falzone for deposition not more than 60 days from the date of service of this Order with notice of entry; and it is further

ORDERED that Tishman Construction Corporation shall produce a further *Jackson* affidavit consistent with this Decision and Order not more than 60 days from the date of service of this Order with notice of entry.

20241211093939LFRANK68A937062A224065B65E7C803689E7C2

| | |
|---|---|
| **12/11/2024** | |
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150049/2020   GALVAN, MIGUEL vs. ERY TENANT LLC
Motion No.  002

Page 10 of 10

[* 10]